552 A.2d 275

VIRGINIA MANSIONS CONDOMINIUM ASSOCIATION

v.

**Robert O. LAMPL, Individually and as General Partner of HRT Land Company, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 1, 1988.

Filed Dec. 20, 1988.

Michael R. Kelly, Pittsburgh, for appellant.

Mark J. Christman, Pittsburgh, for appellee.

Before CIRILLO, President Judge, and TAMILIA and HESTER, JJ.

CIRILLO, President Judge:

This is an appeal from an order of the Court of Common Pleas of Allegheny County dismissing appellant Robert Lampl's counterclaim in an action initiated by appellee, Virginia Mansions Condominium Association (hereinafter VMCA), to collect certain condominium fees and assessments. We reverse.

VMCA commenced its action against Lampl, both individually and as general partner of HRT Land Company, in April of 1987. The suit sought to recover unpaid common fees and assessments associated with Lampl's condominium units. Lampl responded with preliminary objections asserting, *inter alia,* the pendency of a prior action which he had filed claiming damages from VMCA for its failure to repair fire damage to several condominium units and the surrounding common areas. Lampl's suit asked that the named defendants—VMCA, its insurance company and that company's agent,[1] and two insurance trustees of the condominium association [2]—be held jointly and severally liable for the damages claimed. He indicated that his defense in the VMCA action would be identical to the claims raised in his suit, which he incorporated by reference, and that he had set off the fees VMCA sought in an effort to mitigate the damage VMCA had caused him.[3] He asked that the court dismiss VMCA's action or stay it pending the determination of his earlier filed suit.

Lampl's preliminary objections were denied in June. He then filed one pleading containing an answer, new matter,

1. Lampl later filed an amended complaint in his suit removing the insurance company and its agent as parties.

2. These parties were trustees of an insurance trust set up to pursue claims and distribute funds paid to VMCA by its insurance company consequent to a December 1985 fire in one condominium unit, owned by Lampl, which destroyed that unit and caused damage to adjoining units and common areas.

3. A setoff is correctly asserted in a counterclaim, Pa.R.C.P. 1031, and may be raised there so long as it arises out of the same series of occurrences giving rise to the plaintiff's cause of action. 6 Standard Pennsylvania Practice 2d § 29:29.

counterclaim and complaint to join additional defendants.[4]
The counterclaim again raised, *inter alia,* the same allega-
tions as were contained in Lampl's suit. VMCA then filed
preliminary objections to the counterclaim raising the de-
fense of the pendency of Lampl's prior action. On October
16, 1987, the court sustained VMCA's preliminary objections
and dismissed Lampl's counterclaim. Lampl then filed this
appeal asking this court to find error in the trial court's
action in dismissing his counterclaim for the reason that
there was a prior action pending.

■■■■ Generally, the pendency of a prior action, or lis
pendens, may be pleaded either as a preliminary objection,
Pa.R.C.P. 1017(b)(5), or in the answer, Goodrich–Amram 2d
§ 1017(b):3 & 13. The party raising the defense of lis
pendens can ask that the action in which the defense is
being raised be abated, that it be stayed pending the out-
come of the prior litigation, or that the actions be consol-
idated. Where, as here, the defense is being asserted as a
ground for abatement, it will be waived if it is not raised as
a preliminary objection. 2 Standard Pennsylvania Practice
2d § 12:5. Therefore, Lampl correctly raised the defense of
lis pendens in his preliminary objections to VMCA's com-
plaint. Whether the trial court's ruling on his preliminary
objections was correct is not before us, nor could it be, as
that was an interim ruling in a case that has not yet
reached final judgment. However Lampl may have viewed
that ruling, he had no choice but to file an answer to the
complaint and raise the defense again in his counterclaim.
Only when his counterclaim was dismissed was there a
final, appealable order. *Fidelity Bank v. Duden,* 361 Pa.
Super. 124, 521 A.2d 958 (1987) (en banc) (pre-trial order
dismissing a counterclaim is final and appealable).

4. Within his preliminary objections to VMCA's suit was an averment
that, in order to properly raise the defense of pendency of the prior
action, he would have to join the VMCA insurance trustees. VMCA
objected to Lampl's "counterclaim and complaint to join additional
defendants" on the basis that Lampl had not filed a complaint to join.
The trial court labeled this issue as moot after it ruled on VMCA's
preliminary objection to the counterclaim.

■ The trial court sustained VMCA's preliminary objection and dismissed Lampl's counterclaim on the basis that "the relief sought in the counterclaim is identical to the relief sought in the prior action [Lampl's suit]." This was incorrect for two reasons. First, the fact that another action is pending upon a claim will not prevent the same claim from being used as a setoff in a subsequent action. 2 Standard Pennsylvania Practice 2d § 12:15. Secondly, the court erred in limiting its reasoning to only one of the three requisite factors necessary to sustain a preliminary objection based on the pendency of a prior action.

In order to find lis pendens a valid objection to the immediate entertainment or continuation of a suit, the objecting party must demonstrate to the court that in each case "the parties [are] the same, and the rights asserted and the relief prayed for [are] the same." *Hessenbruch v. Markle*, 194 Pa. 581, 45 A. 669 (1900); *Procacina v. Susen*, 301 Pa.Super. 392, 447 A.2d 1023 (1982); *Raw v. Lehnert*, 238 Pa.Super. 324, 357 A.2d 574 (1976); *Taylor v. Humble Oil*, 225 Pa.Super. 177, 311 A.2d 324 (1973); *Commonwealth ex rel. Lindsley v. Robinson*, 30 Pa.Cmwlth. 96, 372 A.2d 1258 (1977). VMCA attached Lampl's earlier-filed complaint as an exhibit to its preliminary objections. The court, therefore, had the necessary information available for examination as it determined, first, whether VMCA's claim of lis pendens should prevail, and, second, how to proceed if the lis pendens was valid. The record is clear on its face. At the time of this ruling, the parties to the two actions being compared—Lampl's suit and his counterclaim—were not the same or even substantially the same. *See Penn Bank v. Hopkins*, 111 Pa. 328 (1885). There were one plaintiff (Lampl) and five defendants in Lampl's suit. Only one of those defendants (VMCA) sued Lampl, albeit in two capacities. The counterclaim filed by Lampl attempted to name two additional defendants, also party defendants in his previously filed suit. Even if this attempted joinder were to be considered effective, neither the number nor the identity of the defendants in Lampl's complaint and counterclaim pleadings matched at the time

VMCA's preliminary objections were before the court. Moreover, the various interests each defendant had at stake in the litigation were different, as were their respective responsibilities to Lampl and the wrongs allegedly committed by each.

Further, the rights asserted are not identical in each suit, nor is the relief requested. Lampl's suit sought compensatory damages for breach of contract (one count against all defendants; one against only VMCA and the two insurance trustees), negligent entrustment (against VMCA and the two insurance trustees), and punitive damages from the two insurance trustees for breach of fiduciary duty. His counterclaim asks for compensatory damages from VMCA and the two insurance trustees (whose joinder Lampl tried to accomplish as part of his counterclaim) for breach of contract, negligent entrustment, and civil conspiracy. No punitive damages were requested and no count for breach of fiduciary duty was included. Additionally, the counterclaim requested declaratory relief with regard to the setoff Lampl claimed and the assessment sought by VMCA. Although both Lampl and VMCA claim relief based in contract, VMCA's suit seeks to recover under the contract between the condominium association and the owners, but the contractual part of Lampl's claim arises from the contract of insurance between the association and its insurance company. There is some commonality between the suits as both seek monetary damages, but Lampl's counterclaim also seeks equitable relief. Even if both actions arise out of the same factual transaction, when the remedies being pursued are different, the actions are not deemed to be the same. *Kramer v. Kramer*, 260 Pa.Super. 332, 394 A.2d 577 (1978).

■ The "stringent" test for the defense of lis pendens was not met in this case. *General Accident Fire & Life Assurance Corporation, Ltd. v. Flamini*, 299 Pa.Super. 312, 445 A.2d 770 (1982). For that reason we find that the trial court erred in sustaining VMCA's preliminary objections and in dismissing Lampl's counterclaim on the basis of the pendency of his previously filed suit. Because of this

458

decision, the trial court did not pass on VMCA's motion to strike. This must be addressed on remand. We note that, of the alternatives available to the trial judge when confronted with a situation such as this, consolidation for trial, pursuant to Pa.R.C.P. 213, might be the most appropriate and judicially efficient manner of resolving these matters. 3 Standard Pennsylvania Practice 2d § 19:8. *See also General Accident Fire & Life, supra* (consolidation may be proper when dismissal is not); *Raw v. Lehnert, supra* (proper for court to order, on its own motion, consolidation); *Procacina, supra* (where there is no identity of causes of action, court should consider consolidation).

Reversed and remanded for further proceedings in accordance with this opinion. Jurisdiction relinquished.