675 A.2d 1267

**ERIE INSURANCE EXCHANGE, Appellant,**

**v.**

**Sandra W. MIDILI in Her Own Right and as Executrix of the Estate of Arnold W. Midili, Deceased.**

Superior Court of Pennsylvania.

Argued Feb. 8, 1996.

Filed May 1, 1996.

280

Stephen P. McCloskey, Washington, for appellant.

John A. Tumolo, Pittsburgh, for appellee.

Before JOHNSON, FORD, ELLIOTT and HESTER, JJ.

HESTER, Judge.

Erie Insurance Exchange appeals the June 21, 1995 order in which the trial court sustained the preliminary objections of appellee and dismissed this action. Appellee argues that the order appealed from has the effect of requiring the parties to arbitrate this matter, and therefore, it is not a final, appealable order. We agree and quash this appeal.

Appellant instituted this action against Sandra W. Midili both individually and in her capacity as executrix of the estate of her deceased husband, Arnold W. Midili. On October 3, 1994, Mr. Midili was killed in an automobile accident when his car was struck by a vehicle operated by Donald Weis acting within the course of his employment with Allegheny County. Since Mr. Weis had proceeded through a red light, Allegheny County paid the $500,000 limits of its liability under the Political Subdivision Tort Claims Act.

At the time of the accident, Mr. Midili was insured under a automobile policy issued by appellant with underinsured motorist coverage in the amount of $300,000. The policy provides that an underinsured vehicle does not include a motor vehicle owned by any governmental unit or agency. The policy also provides that all disagreements over the legal right to recover damages from the operator or owner of an underinsured motor vehicle will be determined by arbitration.

Pursuant to the arbitration provision of the policy, appellee demanded that appellant arbitrate her right to recover underinsured motorist coverage and appointed an arbitrator. In response, appellant filed this declaratory judgment action asking the trial court to declare that the underinsured motorist coverage provided under the policy did not apply to the accident. Appellee then filed preliminary objections contending that the trial court did not have jurisdiction over this matter since the parties had agreed to submit underinsured-motorist-coverage issues to arbitration. *See* 42 Pa.C.S. § 7541(c)(2)(relief under the Declaratory Judgments Act may not be granted as to any proceedings within the exclusive jurisdiction of a tribunal other than a court). Thus, in essence, appellee requested that the parties be required to arbitrate the coverage issue. The trial court granted the preliminary objections and dismissed the complaint. This appeal followed.

Appellee asks that we quash this appeal based on the fact that the order from which the appeal has been taken is, in effect, a non-final order compelling the parties to arbi-

trate the issue. Appellant counters that since the courts have jurisdiction to entertain whether a provision of an insurance contract is contrary to a constitutional, legislative, or administrative mandate, we have jurisdiction despite the provisions of 42 Pa.C.S. § 7541(c)(2) and the parties' agreement to arbitrate the issue of underinsured motorist coverage. *See Azpell v. Old Republic Insurance Co.*, 526 Pa. 179, 584 A.2d 950 (1991); *Sands v. Andino*, 404 Pa.Super. 238, 590 A.2d 761 (1991). Under *Sands* and *Azpell*, the courts have jurisdiction pursuant to the Declaratory Judgments Act to decide coverage issues under an insurance contract even though the parties have agreed to arbitrate coverage issues.

Both parties are correct, but their arguments involve different issues. Appellee's position relates to the *timing* of an appeal to this court; appellant's position relates to whether the courts have *jurisdiction* to entertain the issue at all under the Declaratory Judgments Act.

*Sands* concerns whether we even may entertain the merits of an issue that the parties agreed to arbitrate under 42 Pa.C.S. § 7541(c)(2), which provides that the Declaratory Judgments Act does not apply to actions within the jurisdiction of another tribunal. Appellee's position is not that we do not have and never will have jurisdiction to decide the merits of this action. Appellee's position is that the appeal is prematurely taken from a non-final, interlocutory order and that appellant will have to wait to seek judicial review of this matter until after the arbitration transpires.

■ The effect of the trial court order is to compel arbitration of this matter. The law is clear that an order compelling the parties to arbitrate a matter is not a final order. *Maleski v. Mutual Fire, Marine and Inland Insurance Co.*, 534 Pa. 575, 633 A.2d 1143 (1993); 42 Pa.C.S. § 7320. Appellant must proceed to arbitrate the issue presented, as required under its own insurance policy, and may obtain court review of the arbitrators' decision in accordance with the appropriate procedure.

Appellant refers us to a plethora of cases in which a coverage issue under an insurance policy was decided on the merits by the courts even though the parties had not previously arbitrated the issue. We are aware of these cases, but they are not applicable because in them, neither party requested arbitration of the coverage issue. In those cases, either the insured or the insurer instituted a Declaratory–Judgments–Act action, and the other party did not request arbitration but instead, elected to submit the coverage issue to the trial court. In that situation, the parties must be viewed as mutually waiving the arbitration provision in their contract.

Herein, however, appellee has not agreed to submit this case to the courts pursuant to the Declaratory Judgments Act and has invoked the arbitration provision of the contract. Since that provision was invoked rather than waived, it must be enforced. The arbitrators now have jurisdiction, regardless of appellant's assertion that its right to prevail in this action is clear. *Messa v. State Farm Insurance Co.*, 433 Pa.Super. 594, 641 A.2d 1167 (1994). Since the order has the effect of requiring the parties to arbitrate this matter, it is a non-final order from which no appeal lies.

Appeal quashed.