Michelle BOTTOMER, Appellant

v.

PROGRESSIVE CASUALTY
INSURANCE COMPANY,
Appellee.

Superior Court of Pennsylvania.

Argued July 24, 2002.
Filed Feb. 4, 2003.

Mark Jaffe, Philadelphia, for appellant.

Carol A. Murphy, Philadelphia, for appellee.

Before: STEVENS, KLEIN and TAMILIA, JJ.

KLEIN, J.:

¶ 1 Here, Michele Bottomer (Bottomer) appeals from the order entered in the Court of Common Pleas of Philadelphia County sustaining Progressive Casualty Insurance Company's (Progressive) preliminary objections to Bottomer's petition to compel arbitration.[1]

¶ 2 In this appeal we are directly presented with the question of the propriety of dismissing a petition to compel arbitration in favor of pursuing Progressive's previously filed declaratory judgment action. To fully understand the issue before us, we must examine the circumstances of the underlying action as well, as the facts of that case have a necessary impact on this decision.

¶ 3 Because we find that under the particular circumstances presented here the trial court erred in dismissing Bottomer's petition to compel, we must reverse.[2]

¶ 4 Ere we proceed, a review of the facts is required. Bottomer owned a registered insured car that was involved in a multi-vehicle accident. She presented a claim to the tortfeasor and received a settlement. She presented a claim to her own insurer, GEICO, for underinsured motorist (UIM) benefits that also resolved. As Bottomer lived with her parents, she also presented a claim to Progressive, the insurer of her parent's vehicles, for UIM benefits. It is this claim that is the subject of this litigation.

¶ 5 Rather than paying the claim, Progressive issued a letter denying UIM coverage to Bottomer on the basis of an exclusion commonly referred to as the "family car exclusion." This exclusion disclaims coverage for a vehicle (and occupants thereof) that is owned by a resident relative yet is not insured under the policy in question. Progressive then filed a declaratory judgment action seeking a determination of the enforceability of the exclusionary language.[3]

---

1. Preliminary objections, technically, may only be filed as to pleadings, not petitions. *See* Pa.R.C.P. 1017 and 1028. Nonetheless, as Bottomer did not object, the issue is waived.

2. This appeal ultimately involves two cases. The petition to compel arbitration, which was heard by Judge John Herron and the declaratory judgment action, which was heard by Judge Bernard Goodheart.

3. We note that while this appeal was pending, the Court of Common Pleas issued its ruling in the declaratory judgment action, finding, pursuant to *Burstein v. Prudential Property and Casualty Insurance Company,* 801 A.2d 516 (Pa.2002), that the "family car exclusion" does not violate public policy and is therefore enforceable. We note, too, that in so ruling, Judge Goodheart had correctly predicted the outcome of *Rudloff v. Nationwide Mutual Insurance Company,* 2002 PA Super 293, 806 A.2d 1270 (2002) where an *en banc* panel of this Court specifically ruled that the family car exclusion was valid and enforceable. The *Burstein* decision specifically ruled upon an exclusion commonly known as the "regularly used vehicle" exclusion which has a similar purpose to the exclusion here.

¶ 6 Next, Bottomer filed her petition to compel arbitration, pursuant to the contract language found in the Progressive policy.[4] Progressive filed preliminary objections to the petition on the basis that the declaratory judgment action represented prior pending litigation. The trial court agreed with Progressive's position and dismissed the petition to compel arbitration, without prejudice, thereby allowing Bottomer to refile the petition upon the outcome of the declaratory judgment action. The theory behind this apparently being that if the exclusion was found to be enforceable, then the arbitration would become moot, as there would be no coverage available from Progressive. While there is a certain logic to the trial court's ruling, it unfortunately ignores both the language of the Progressive policy and the dictates of the Declaratory Judgment Act.

¶ 7 Included in any discussion of the issue presented here must be a review of the rules governing arbitration as well as a discussion of how those rules are best implemented under given factual scenarios. Additionally, we must also review the specific arbitration clause presented here and determine how that clause interacts with the rules of declaratory judgment.

¶ 8 Each insurer provides its own rules regarding the arbitration of disputed UIM claims. Some insurers provide that arbitration is to be conducted under general common law principles, some provide for arbitration under specific statutes. The Progressive policy states that arbitrations shall be conducted in accordance with the provisions of the Pennsylvania Arbitration Act of 1927. Further, under the Progressive policy, the arbitrators have no authority to determine issues of stacking or non-stacking of coverage, waivers of coverage, residency, statutes of limitations, or whether a person qualifies as an insured person. All other issues, by the specific terms of the policy, are subject to the decision of the panel of arbitrators. Initially, therefore, it appears that the issue of applicability of the family car exclusion is one for the arbitrators and not for the courts. *See generally Borgia v. Prudential Insurance Company*, 561 Pa. 434, 750 A.2d 843 (2000).

¶ 9 In substance, this case presents a subtle factual twist on otherwise familiar issues. Issues presented here are whether a declaratory judgment action is proper where a valid arbitration clause is in effect, and whether the petition to compel arbitration was properly dismissed without prejudice pending the outcome of the declaratory judgment action.

¶ 10 In considering the propriety of a declaratory judgment action where a valid arbitration clause is in effect, both parties have missed a central point in their briefs. Progressive argues that pursuant to *Warner v. Continental/CNA Insurance Companies*, 455 Pa.Super. 295, 688 A.2d 177 (1996) the subject matter presented, interpretation of the rights and duties under an insurance policy, is proper for judicial determination. Progressive is, to an extent, correct.

¶ 11 Bottomer argues that pursuant to *Borgia v. Prudential Insurance Company*, *supra*, the subject matter presented is not specifically excluded from arbitration in the insurance policy and so it properly

---

4. Determination of whether an insured person is legally entitled to recover damages and the amount of damages will be made by agreement by agreement between the insured person and us. If no agreement is reached, the decision may be made by arbitration if we or the insured person makes a written demand for arbitration prior to the expiration of the statute of limitations in the state in which the accident took place. **Progressive policy, Part III**.

should be heard by an arbitration panel. Bottomer is also, to an extent, correct.

¶ 12 Both sides, however, leave out one important fact. The Progressive policy, unlike the policies at issue in any of the cases cited by either party, involves arbitration under the Arbitration Act of 1927. This fact is relevant for one very important reason. The Act of 1927, unlike either the Uniform Arbitration Act of 1980 or common-law arbitration, allows a court of law to correct an arbitration award on the basis of an error of law. Thus, under the Act 1927, it is a court of law, not an arbitration panel that holds the ultimate say on matters of law. It is the application of the Act of 1927 that makes this case different from those cited by the parties.

■ ¶ 13 Progressive, therefore, was correct in asserting that, in general, rights and duties under a policy are subject for declaratory judgment. Progressive, however, ignores the arbitration clause in its own policy. That clause exempts from arbitration only issues related to stacking or non-stacking, waivers of coverage, residency, statutes of limitations, or whether a person qualifies as an insured person.[5] The clause does not exempt other issues of law from arbitration. While the issue does qualify for judicial determination, it equally qualifies for determination by arbitration.

¶ 14 Bottomer, on the other hand, ignores the fact that the courts have final say over the legal issue at hand. That issue is: whether the exclusion in question violate public policy or whether it is enforceable as written.

■ ¶ 15 First, we note that "[t]he courts have jurisdiction pursuant to the Declaratory Judgments Act to decide coverage issues under an insurance contract even though the parties have agreed to arbitrate coverage issues." *Erie Insurance Exchange v. Midili,* 450 Pa.Super. 279, 675 A.2d 1267 (1996) (citing *Azpell v. Old Republic Insurance Company,* 526 Pa. 179, 584 A.2d 950 (1991) and *Sands v. Andino,* 404 Pa.Super. 238, 590 A.2d 761 (1991)). Although our Court dismissed the declaratory judgment action in *Midili,* it acknowledged the courts power to decide coverage issues independent of the arbitration process. We dismissed the declaratory judgment action in *Midili* because the parties had agreed, through the specific language of the insurance policy, to arbitrate the issue presented. Here, no such prohibition exists as the parties have agreed to allow the courts to decide issues of law through the provisions of the Arbitration Act of 1927.

¶ 16 We note that in spite of the broad language used, this is not an unlimited right. Innumerable times, including the *Borgia* decision referenced above, the courts have required arbitration rather than allow declaratory judgment to proceed.

¶ 17 However, we believe this case fits within the general parameters of *Midili* because the issue presented here is one of law, which is otherwise a proper subject for declaratory judgment, and because the Act of 1927 allows for judicial review of issues of law. Other decisions, such as *Borgia,* rely on the facts that the insurer had specifically agreed to arbitration and that under the terms of the policy, errors of law were *not* otherwise reviewable. As such, allowing a declaratory judgment to proceed in the face of an otherwise valid arbitration agreement would defeat the

---

**5.** It is important to note that whether a person is defined as an insured under an insurance policy is a different issue than whether coverage attaches to an otherwise insured person. There is no dispute that Michelle Bottomer qualifies as an insured under the Progressive policy.

agreed upon terms of the contract. Under the Arbitration Act of 1927, however, this is ultimately not a concern as the specific terms of the policy allow for judicial review of decisions of law.

¶ 18 We next note that the general purpose of arbitration is to allow for a "quick and easy" form of dispute resolution. *Littlejohn v. Keystone Insurance Company*, 353 Pa.Super. 63, 509 A.2d 334 (1986). Under most circumstances arbitration provides this service. Yet in this case, where the legal determination is of such import to the decision making process, the declaratory judgment on the central issue will actually help speed the process.

¶ 19 If this case had proceeded under arbitration, and the plaintiff had prevailed, there seems little doubt that Progressive would have appealed the decision arguing that the family car exclusion does not violate public policy. The very fact that Progressive filed the declaratory judgment action indicates the importance of this issue to the insurer. There is also some probability that Bottomer would have appealed an adverse decision based on this issue. *See Rudloff, supra; see generally Borgia, supra.* Had this case proceeded to arbitration, any appeal regarding this issue of law would still be some months down the road. That issue, however, having already been decided in declaratory judgment allows for any appeal to proceed, which will ultimately produce a swifter resolution. Both sides are still free to appeal the issue or to attempt to join in any appeal of the *Rudloff* decision, should one be filed.

¶ 20 Finally, we note that generally declaratory relief is available even though other forms of relief are also available. Further, declaratory relief is additional and cumulative to all other available remedies. 42 Pa.C.S. § 7541(b). It is in ignoring these concepts that we believe Judge Herron ultimately erred in granting Progressive's preliminary objections.

¶ 21 The provisions of 42 Pa.C.S. § 7541(b), relating to the effects of alternative remedies, leads into the next issue presented. Was the petition to compel arbitration properly dismissed, with leave to refile, pending the outcome of the declaratory judgment?

¶ 22 On this point, we believe the Judge Herron erred. There are no specific provisions in the Declaratory Judgments Act, 42 Pa.C.S. §§ 7531–7541 regarding the dismissal of a related action. As noted, declaratory relief is available even though other forms of remedy are also available. Declaratory relief, importantly, is cumulative and additional, not in place of, other forms of relief. Therefore, it is clear that an action for declaratory judgment is designed to operate with, not instead of, any underlying dispute. Judge Herron's determination that the declaratory judgment action represented a prior pending proceeding requiring the dismissal of the petition to compel arbitration was therefore wrong.[6] Of course, there would be nothing to prevent the parties to agree to stay the arbitration until the declaratory judgment was decided.

¶ 23 Additionally, while the subject of the declaratory judgment action clearly had an effect on the arbitration, a decision in the declaratory judgment action would not necessarily decide the arbitration. As a declaratory judgment represents only one level of judicial review, subject itself to appellate review, it does not necessarily

6. The dissent says that Judge Herron was "holding arbitration in abeyance," which is equivalent to staying the action. That is not what happened. Judge Herron *dismissed* the arbitration action, albeit with leave to refile

*only if* the plaintiff were successful in the declaratory judgment action. A dismissal could result in statute of limitations problems, the requirement to pay an additional fee, etc.

represent a final determination of the arbitration issues. Even if the declaratory judgment went against the plaintiff, she should still have a right to go to arbitration, because the declaratory judgment could be reversed on appeal. Therefore, Judge Herron's decision to prevent arbitration if the plaintiff lost the declaratory judgment is erroneous because the decision may be reversed in the appellate process. Even now, although our Court has ruled on the issue, there is the possibility that the Supreme Court will reach a different result.

¶ 24 Also, the arbitration involved only Michelle Bottomer and Progressive Insurance. The declaratory judgment action, by law, must include all interested parties, including the policyholders, Ernest and Marlene Bottomer. Therefore, the commonality of parties required for a finding of a prior pending action is not present. *See generally Virginia Mansions Condominium Assoc. v. Lampl,* 380 Pa.Super. 452, 552 A.2d 275 (1988).

¶ 25 We note, too, that it is common practice, at least in Philadelphia County where this case originated, to allow a declaratory judgment to proceed concurrently with any underlying action. There is no particular reason to exempt uninsured or underinsured arbitration from this policy. Although, as we noted, the results should be different from *Borgia, supra,* since this is statutory rather than common law arbitration, there is no reason to dismiss or even stay an arbitration proceeding when a trial would not be stayed or certainly not dismissed. The Supreme Court in *Borgia* again noted the significance of upholding a method of dispute resolution agreed to by the parties. *Id.* at 848.

■ ¶ 26 In consideration of the above, we find that, under the circumstances presented Judge Herron properly permitted Progressive to proceed with its declaratory judgment action. However, we further find that Judge Herron erred in determining that the declaratory judgment action represented a prior pending proceeding, and so estopped Bottomer from proceeding to arbitrate her claim under the Progressive policy. Therefore, we reverse that portion of the trial court's order. Today we hold that where arbitration is to proceed under the rules and procedures of the Arbitration Act of 1927, a declaratory judgment action and the underlying arbitration should be allowed to proceed at the same time.

¶ 27 Order reversed. Jurisdiction relinquished.

¶ 28 TAMILIA, J., files a Dissenting Opinion.

TAMILIA, J., dissenting:

¶ 1 I respectfully dissent and would affirm the Order of the trial court sustaining appellee's objections to appellant Bottomer's petition to compel arbitration due to the pendency of the declaratory judgment action. The very well-reasoned and erudite Opinion of the majority acknowledges there is some basis for such a procedure but claims the trial court was in error in ignoring the subtleties of various arbitration acts particularly the Act of 1927 and the role of declaratory relief. The trial court determined the declaratory judgment would be dispositive of the underlying dispute and for all practical purposes predetermine the outcome of the underlying dispute, thereby convincing one of the parties not to pursue arbitration as futile. Therefore, the pursuit of the arbitration proceeding contemporaneously with (but later to) the declaratory judgment would be premature. I agree with the reasoning of the trial court.

¶ 2 The majority, however, disputes the underlying assumption of the trial court's ruling, that is, the conclusion of the declaratory judgment action will result in the

resolution of the dispositive issue(s) in the underlying arbitration proceeding. The majority instead pursues hypothetical and unlikely possibilities as to the interplay of declaratory judgment and concurrent arbitration matters. This belief, however, ignores the simple reality that a declaratory judgment action and an arbitration proceeding are two separate, bifurcated actions. As such, the majority's contention an action for declaratory judgment is "designed to operate with, not instead of, any underlying dispute" is a dubious notion.

¶ 3 The clear mandate of 42 Pa.C.S.A. § 7541, **Construction of subchapter**, was declared to be remedial and expansive in nature, and more specifically, declaratory judgment proceedings could be additional and cumulative to all other available remedies except for those provided in subsection **(c) Exceptions**, none of which are applicable here. In so declaring this policy, the legislature did not require or intend that the declaratory judgment proceeding and other action be pursued in a simultaneous or concurrent fashion, but added the declaratory judgment as an adjunct to or "as well as" the other available proceeding. This does not mean that in the exercise of judicial discretion the court in the declaratory judgment proceeding could not hold the arbitration proceeding in abeyance, once it perceived an issue existed which was properly within the purview of the unique scope of declaratory judgment. Following a resolution of the issue in that proceeding, the court could determine that arbitration was the proper remedy and refer the case to the arbitration panel, or that arbitration was not the appropriate remedy, thereby bringing finality to the issue. The majority treats the action of the trial court as a dismissal of the arbitration proceeding whereas it is in effect a stay of that proceeding which could go forward as indicated above.

¶ 4 I believe it is a more logical and expedient process to permit the declaratory judgment proceeding to go forward, while holding arbitration in abeyance, pending that result. The majority recognizes but treats as *diminimis* the strong assertion by the trial court that because the declaratory judgment proceeding and the arbitration petition are before two different judges implicating the long-standing rule recognized in Pennsylvania law that the decision of one judge may not override the other in coordinate jurisdictions. The potential that two co-equal judges would be asked to decide the precise same issue, i.e. whether the parties' dispute should be arbitrated raises the possibility of an insoluble result. *See* Trial Court Opinion, Herron, J., 2/20/02, at 8 n. 6. Simple clarification of contract language usually resolves this issue, but as here where the intent as to coverage is not clearly manifested, it needs to be determined, whether in a judicial or. arbitration proceeding. Like the trial court I believe that resolution of the issue is more expeditiously resolved by proceeding with the declaratory judgment action.

¶ 5 Since Section 7541(b), **Effect of alternative remedy**, does not preclude declaratory judgment in addition and cumulative to all other available remedies (except as in subsection (c)), I believe the discretion of the trial court should be affirmed. There appears to be no overriding error in allowing the declaratory judgment to proceed while, holding in abeyance, the petition to compel arbitration as the court perceived this to be the most expeditious manner in achieving judicial economy. It would appear to be more practical to have a disposition in the prior permissible action (declaratory judgment) than to have two matters, which might reach different results, being litigated at the same time regarding the same parties (or some of them) and

the same legal issues. If the court in the declaratory judgment proceeding finds it is not applicable, arbitration is still available. If it finds on the issue that a judgment is appropriate, the arbitration proceeding is moot. As detailed in Standard Pennsylvania Practice 2d, Declaratory Judgments § 66:8, **Effect of prior adjudication,** "[r]elief is not available under the Declaratory Judgment Act with respect to any proceeding involving an appeal from an Order of a tribunal. Thus, a declaratory judgment action cannot be used in order to overturn a decision by a tribunal. In addition, resort may not be had to an action for a declaratory judgment to secure a modification of a judicial decree." (Citations omitted.)

¶ 6 Conversely, the Declaratory Judgment Act § 66:10, **Effect of pendency of other judicial proceedings, generally,** "[w]here another remedy has already been utilized by the bringing of another proceeding which is pending at the time declaratory relief is sought, the declaratory judgment action will not ordinarily be entertained...." (Citation omitted.) Thus, the action of the trial court comports with the above stated principles in that there was no prior existing proceeding when the declaratory judgment action was filed and the result of a decision by an arbitration panel, had there been one, would not be reversible by a declaratory judgment proceeding. The result of the trial court's Order comports with the intent of the Declaratory Judgment Act, as detailed in section 66:4, **Purpose of declaratory judgment,** "... 2) to speedily determine issues and more quickly resolve or terminate litigation, 3) to render practical help in ending controversies; ... and 5) to render help by a judicial declaration of the respective rights and liabilities of parties before a situation develops where funds may be expended unnecessarily, or before harm actually occurs."

¶ 7 Permitting a declaratory judgment proceeding and an arbitration proceeding to be considered concurrently in two different tribunals defeats all of the stated purposes and benefits of the Declaratory Judgment Act.

¶ 8 I, therefore, would affirm the Order of the trial court.