**THERMAL C/M SERVICES, INC., Appellant,**

v.

**PENN MAID DAIRY PRODUCTS and 2701 Red Lion Associates, L.P., Appellees.**

Superior Court of Pennsylvania.

Argued Feb. 5, 2003.
Filed Aug. 28, 2003.

Andrew Fylypovych, Philadelphia, for appellant.

Gene A. Foehl, Media, for appellees.

BEFORE: ORIE MELVIN, BOWES and BECK, JJ.

OPINION BY BOWES, J.:

¶ 1 Appellant, Thermal C/M Services, Inc. ("Thermal"), appeals as a matter of right from an interlocutory order denying its motion to compel arbitration.[1] We affirm.

¶ 2 On April 25, 2000, the parties, Penn Maid Dairy Products, 2701 Red Lion Associates, LP ("Penn Maid") and Thermal entered into an agreement for the construction of a refrigerated warehouse in Philadelphia, and executed the following documents: Construction Agreement between Owner and Contractor (the "Agreement"), General Conditions of the Contract for Construction (the "General Conditions"), and Addendum to Construction Agreement (the "Addendum"). Under the terms of the agreement, Thermal would construct the building for the total sum of $10,192,285.

¶ 3 During Thermal's performance, an air handler unit malfunctioned, and a fan blade cut an ammonia-filled aluminum tube. The ammonia escaped and contaminated the warehouse and the food products that vendors had stored inside. Thereafter, Thermal completed its work, but Penn Maid withheld more than $500,000, apparently for damages associated with the ammonia contamination. Consequently, Thermal has been unable to pay its subcontractors who have initiated arbitration proceedings against it. Thermal sought to join Penn Maid in these proceedings; however, Penn Maid refused to cooperate.

¶ 4 Meanwhile, as a result of the ammonia contamination at the warehouse, no less than seven civil actions have been commenced in the Philadelphia Court of Common Pleas. All of these lawsuits have been or are in the process of being consolidated before the same trial court.

---

1. *See* Pa.R.C.P. 311(8); *see also* 42 Pa.C.S. § 7320(a)(1) (appeal may be taken as of right from order denying application to compel arbitration).

¶ 5 The subject of Thermal's petition to compel arbitration is related directly to *Refrigerated Food Distributors, et al. v. Thermal C/M Services, Inc.*, No. 915 (hereafter "action at No. 915"), one of the pending actions in which Appellees are among the plaintiffs. In that case, Thermal filed preliminary objections to the plaintiffs' breach of contract action based upon, *inter alia*, the arbitration clause at issue in the case *sub judice*. In its preliminary objections Thermal averred, in pertinent part, as follows:

> 10. [The contract] requires that any claim arising out of or related to the Contract, except those involving aesthetic issues or waivers not applicable to this controversy, shall be mediated and then arbitrated. A civil proceeding is not the proper vehicle for dispute resolution.
> WHEREFORE, defendant Thermal prays that the Amended Complaint should be dismissed insofar as it relates to the claim of plaintiffs Goldberg, Penn Maid and 2701 Red Lion Associates.

Preliminary Objections to Plaintiffs' Amended Complaint, at 3. Although Thermal raised this objection in its pleading, it did not address it in the supporting brief or the proposed draft order.[2] Since the trial court adopted Thermal's draft order with only minor alterations, it disposed of the objections on April 3, 2002, without reference to the arbitration clause.[3]

¶ 6 Thereafter, on July 13, 2002, Thermal brought this action pursuant to 42 Pa.C.S. § 7304 to compel arbitration under the terms of the construction contract. On July 23, 2002, the court of common pleas denied the petition on the grounds that Thermal's request to compel arbitration of the action at No. 915 by way of preliminary objections was denied. The court offered no further elaboration on its decision. This appeal followed.

¶ 7 The instant dispute implicates the following contract provisions. First, the General Conditions provide, in pertinent part, as follows: "Any claim arising out of or related to the Contract, ... shall, after decision by the Architect or 30 days after submission of the claim to the Architect, be subject to arbitration." General Conditions of Contract, Art. 4.6.1., at 23. The Addendum includes a provision that removed the Architect's role.

> [I]t is understood and agreed between the parties hereto that there is no "Architect" who is a participant with respect to the administration of the Contract. To the extent the word "Architect" appears in any provision in the Contract

---

**2.** We do not believe that Thermal waived its right to compel arbitration in this action by abandoning its arbitration argument in the action at No. 915. Although the right to compel arbitration may be waived, waiver should not be inferred unless a petitioner has gained an undue advantage or prejudiced the opposition. *Keystone Technology Group, Inc. v. Kerr Group, Inc.*, 2003 PA Super 199, 824 A.2d 1223. In the action at No. 915, Thermal initially raised the arbitration clause in its preliminary objections as one basis for dismissing the plaintiffs' complaint; however, since the plaintiffs in that action included entities that were not subject to the arbitration agreement, *i.e.*, Refrigerated Food Distributors, Inc., Thermal intentionally abandoned this argument. *See School District of Philadelphia v. Livingston–Rosenwinkel, P.C.*, 690 A.2d 1321 (Pa.Cmwlth.1997) (cannot compel joinder of parties not subject to arbitration provision). Even if Thermal's actions might preclude it from reasserting the issue in that action, since Thermal has not gained an undue advantage or imposed prejudice upon Penn Maid in this case, it did not implicitly relinquish its right to compel arbitration herein. *Keystone, supra.*

**3.** The trial court sustained Appellant's remaining preliminary objections by striking the identified counts of the complaint expressly.

(including the General Conditions), other than with respect to the design of the Project (and the modification thereof) such provision concerning the authority of the Architect is of no force or effect; such provisions are hereby explicitly amended to reserve such authority to Owner, the Contractor, or both the Owner and Contractor, as appropriate and by mutual agreement and resolution between the parties. Accordingly, Article 4.2 of the General conditions is hereby deleted in its entirety.

Addendum to Construction Agreement, Art. 14.6.1. Finally, the General Conditions include an incorporation clause that identified itself, the Agreement, and the Addendum as binding contract documents. That provision reads, in pertinent part, as follows: "The Contract Documents consist of the Agreement between Owner and Contractor (hereafter the Agreement), Conditions of the Contract (General, Supplementary and other Conditions),... [and] Addenda issued prior to execution of the Contract..." General Conditions of Contract, Art. 1.1.1, at 9. The Agreement also contains a term that mirrors this provision.

¶ 8 On appeal, Thermal raises the sole question of whether the court erred in ruling that Thermal was not entitled to compel Penn Maid to join the arbitration proceedings under the terms of the construction contract. Courts employ the following two-part test to determine whether parties should be compelled to arbitrate their dispute. The first determination is whether a valid agreement to arbitrate exists; thereafter, the court must determine whether the dispute is within the scope of the agreement. *D & H Distributing Co., Inc. v. National Union Fire Ins. Co.,* 817 A.2d 1164 (Pa.Super.2003). Herein, Thermal argues that the General Conditions contain a binding arbitration clause and that the instant dispute falls within the scope of that provision.

¶ 9 Penn Maid counters with several arguments. First, Penn Maid argues that Thermal is estopped from asserting its claim because the trial court previously addressed and disposed of the arbitration issue when it failed to sustain Thermal's preliminary objection seeking to compel arbitration in the action at No. 915. Similarly, Penn Maid contends that Thermal waived its right to proceed in arbitration against Penn Maid by asserting the right as a preliminary objection in the action at No. 915 and then subsequently resurrecting the right herein. Next, Penn Maid contends that the parties' Addendum invalidated the arbitration agreement. Specifically, Penn Maid argues that since an architect's determination was a condition precedent to the arbitration process under the express terms of the agreement, the parties voluntarily invalidated the arbitration agreement when they eliminated the use of an architect on the project. Finally, Penn Maid contends that we should affirm the trial court's order pursuant to Pa. R.C.P. 213(a) because the ruling precludes the possibility of inconsistent verdicts and saves the parties time and costs associated with protracted piecemeal litigation. For the following reasons, we agree with Penn Maid's final assertion.

¶ 10 According to Rule 213(a), "In actions pending in a county which involve a common question of law or fact or which arise from the same transaction or occurrence, the court on its own motion or on the motion of any party may ... make orders that avoid unnecessary cost or delay." Although Rule 213 generally concerns the consolidation and severance of related actions, this case presents a rare situation where the trial court's determination is dispositive of the precise issue Thermal seeks to litigate in the underlying

arbitration proceeding.[4] Thus, after careful review of the parties' briefs and applicable law, we affirm the court's order on the basis of Rule 213(a) in order to uphold judicial efficiency, maintain the consistency of the verdicts, and save the parties from the expenses associated with duplicative litigation.[5]

¶ 11 Since there is a dearth of case law on this issue, we find guidance in cases where courts have suspended a later-filed action to promote judicial economy. *See Crutchfield v. Eaton Corp.*, 806 A.2d 1259, 1263 (Pa.Super.2002) (where *lis pendens* test is not satisfied, court may stay later-filed action to avoid waste of judicial resources and "unseemly spectacle of a race to judgment.") (quoting *Norristown Auto. Co. v. Hand*, 386 Pa.Super. 269, 562 A.2d 902, 905 (1989)). We employ similar reasoning under Rule 213(a) to affirm the trial court's order. As noted above, Penn Maid is among the plaintiffs in the action at No. 915 and Thermal is a named defendant in that action and the arbitration proceeding. The action at No. 915 predates Thermal's petition to compel arbitration, and it will dispose of the issue Thermal seeks to arbitrate. Thus, litigating the two actions at the same time would be a waste of judicial resources, and it would promote a race to judgment. Undoubtedly, it is more efficient to address the issue in a single disposition rather than have parallel actions in independent forums with potentially different results. Similarly, considering the size and complexity of the consolidated action, it would be unreasonably burdensome to require the parties to litigate these issues concurrently. Therefore, we invoke Rule

213(a) and affirm the order denying the petition to compel arbitration.

¶ 12 Since the arbitration proceeding is an independent proceeding, and the two actions intersect only upon Thermal's demand to join Penn Maid as a defendant, we affirm the trial court but do not stay that proceeding. Absent Penn Maid's joinder, the subcontractors' action against Thermal can continue independently of the action at No. 915. Likewise, Thermal can pursue its claim against Penn Maid as a setoff or counterclaim in the consolidated action.

¶ 13 Our conclusion comports with our reasoning in *Bottomer v. Progressive Casualty Ins. Co.*, 816 A.2d 1172 (Pa.Super.2003). In *Bottomer*, we held that a declaratory judgment action could proceed concurrently with a related arbitration proceeding because the declaratory judgment action was designed to operate with, rather than in lieu of arbitration. In that case, the trial court denied the plaintiff's petition to compel arbitration on the grounds that a pre-existing declaratory judgment action between some of the parties constituted a prior pending proceeding that estopped plaintiff from arbitrating her claim. In addressing this issue, we reviewed the Declaratory Judgment Act, 42 Pa.C.S. §§ 7531–7541, and noted as follows: "Declaratory relief, importantly, is cumulative and additional, not in place of, other forms of relief. Therefore, it is clear that an action for declaratory judgment is designed to operate with, not instead of, any underlying dispute." *Id.* at 1176. Hence, we reversed the trial court's denial of the petition to compel arbitration.

---

4. The action at No. 915 will determine the extent of Thermal's liability to Penn Maid for damages arising from the contamination incident. Hence, that determination will yield the balance, if any, owing from Penn Maid to Thermal under the contract.

5. Notwithstanding the trial court's stated grounds, if its result is correct, this Court can affirm the trial court on any basis. *Oxford Presbyterian Church v. Weil–McLain Co., Inc.*, 815 A.2d 1094 (Pa.Super.2003).

¶ 14 Conversely, applying this rationale to the case *sub judice,* we find that the two independent proceedings are not designed to operate in harmony. Indeed, if Penn Maid is joined as a party in arbitration, the actions would produce dissonance if the arbitration award was inconsistent with the trial court's verdict. Our conclusion seeks to avoid the procedural morass that the doctrines of collateral estoppel and the law of the case would create in that situation. Rather than have the parties expend untold sums of money to untangle the confusion on appeal, we affirm the trial court's denial of the petition to compel arbitration.

¶ 15 Order affirmed.

¶ 16 Judge ORIE MELVIN files a Concurring Statement.

## CONCURRING STATEMENT BY ORIE MELVIN, J.:

¶ 1 While I do not disagree with the rationale expressed by the majority, I write separately to express my view that the reason stated by the trial court likewise supports its decision to deny Appellant's motion to compel arbitration. As noted by the majority the subject of Thermal's motion to compel arbitration is directly related to the pending case of *Refrigerated Food Distributors, et al. v. Thermal C/M Services, Inc.,* in which Appellees are among the plaintiffs. Thermal filed preliminary objections in that action seeking dismissal of Appellees contract claim based upon the arbitration clause here at issue. Thus, in effect the Appellant's preliminary objections were the same as the instant motion to compel arbitration and has already been decided adversely to Appellant in that still pending action. Appellant's remedy was to seek appellate review of the decision in *Refrigerated* rather than the filing of a subsequent motion to compel arbitration. I find the filing of the instant motion was an improper attempt at a second bite of the apple. I also find unpersuasive Appellant's argument that the arbitration issue was not ruled upon in *Refrigerated* because its supporting brief and proposed order makes no mention of the claim. What Appellant is admitting is that it waived the issue. *See Highmark, Inc. v. Hospital Service Assoc. of Northeastern Pennsylvania,* 785 A.2d 93, 100 (Pa.Super.2001) (stating "[t]he right to enforce an arbitration clause can be waived. A waiver of the right to proceed to arbitration may be expressly stated, or it may be inferred from 'a party's undisputed acts....'"). Once an issue is waived that claim is lost and may not be revived by a subsequent filing.