859 A.2d 1282

**Michelle BOTTOMER, Appellee**

v.

**PROGRESSIVE CASUALTY INSURANCE COMPANY, Appellant.**

Supreme Court of Pennsylvania.

Argued April 13, 2004.

Decided Oct. 22, 2004.

---

Carol Ann Murphy, Matthew Joseph Zamites, Philadelphia, for Progressive Cas. Ins. Co., Appellant.

Timothy Robert Hough, Philadelphia, for Michelle Bottomer, Appellee.

Before: CAPPY, C.J., CASTILLE, NIGRO, SAYLOR, EAKIN and BAER, JJ.

## *OPINION*

PER CURIAM.

The appellant seeks review of the Superior Court's holding that declaratory judgment and arbitration proceedings involving overlapping parties and centered on the same legal issue should proceed simultaneously.

In April of 2000, Appellee, Michelle Bottomer ("Bottomer"), was involved in a multi-vehicle accident while driving her own automobile, insured by a company that is not a party to this litigation. After Bottomer's claims asserted against the other driver and lodged with her own insurer were resolved, she also presented a claim for underinsured motorist ("UIM")

benefits to Progressive Casualty Insurance Company ("Progressive"), the insurer of vehicles belonging to her parents, with whom Bottomer lived. In this regard, Bottomer relied on provisions of the policy extending UIM coverage to resident relatives. The policy, however, also contained a household exclusion, which specified that coverage would not extend to a injury sustained in vehicle owned by the named insured or a relative, but which was not covered under the policy (it is undisputed that Bottomer's automobile did not qualify as a covered vehicle under the policy terms).[1] Progressive denied coverage based on this exclusion, and filed a declaratory judgment action naming Bottomer and her parents as defendants and seeking, *inter alia*, a determination concerning the enforceability of the exclusionary provision.

Shortly thereafter, Bottomer filed a petition to compel arbitration, pursuant to the Progressive policy's arbitration provisions, which specified, *inter alia*, as follows:

> Determination of whether an insured person is legally entitled to recover damages and the amount of damages will be made by agreement between the insured person and us. If no agreement is reached, the decision may be made by arbitration if we or the insured person make a written demand for arbitration prior to the expiration of the bodily injury statute of limitations in the state in which the accident occurred.
>
> \* \* \*
>
> If a written demand for arbitration has been made, then arbitration shall be conducted in accordance with the provisions of the Pennsylvania Arbitration Act of 1927....

**1.** The Superior Court majority characterized the relevant exclusion as the "family car exclusion." While courts have frequently intermixed the household and family car exclusion labels, for the sake of clarity, it is preferable to reserve the latter term for the exclusion by which insurers provide that an insured vehicle cannot also be an underinsured vehicle for purposes of determining entitlement to UIM benefits. *See, e.g., State Farm Mut. Auto. Ins. Co. v. Coviello*, 233 F.3d 710, 712 (3d Cir.2000); *Wolgemuth v. Harleysville Mut. Ins. Co.*, 370 Pa.Super. 51, 54, 535 A.2d 1145, 1147 (1988). The family car exclusion typically has relevance when a guest passenger seeks to collect both liability and UIM benefits from the same insurer after a single-vehicle accident. *See, e.g., id.*

\* \* \*

> A decision ... will be binding as to whether the insured person is legally entitled to recover damages under the applicable liability law, and the amount of damages.... Unless we and the insured person agree otherwise, the arbitrators shall have no authority to determine issues related to stacking or nonstacking of coverage, waivers of coverage, residency, statutes of limitations, or whether a person qualifies as an insured person....

(emphasis deleted). Progressive filed preliminary objections, contending that Bottomer's petition should be dismissed due to the prior declaratory judgment action.

The declaratory judgment proceeding was assigned to the Honorable Bernard J. Goodheart, and the arbitration matters to the Honorable John W. Herron. Judge Herron agreed with Progressive's position and dismissed Bottomer's petition to compel arbitration without prejudice, with leave for her to refile upon resolution of the declaratory judgment proceedings. Judge Herron reasoned, primarily, that dismissal was appropriate pursuant to the doctrine of *lis pendens* as it applies to prior pending proceedings, since the parties, rights asserted, and relief sought were substantially the same. *See generally Virginia Mansions Condo. Ass'n v. Lampl,* 380 Pa.Super. 452, 455, 552 A.2d 275, 277 (1988). Alternatively, Judge Herron indicated that his intention was that his order should be considered tantamount to a stay rather than a final disposition of Bottomer's petition, since he had dismissed the petition without prejudice and with a specific proviso authorizing refiling in the event that Bottomer would prevail in the declaratory judgment action. In both regards, Judge Herron expressed a particularized concern regarding the duplicative expenditure of judicial resources if both proceedings were permitted to go forward concurrently, and the specter of co-equal jurists potentially rendering disparate rulings.

Judge Goodheart proceeded to issue a declaratory judgment in favor of Progressive, finding the household exclusion valid and enforceable. Bottomer attempted to appeal such decision;

however, the Superior Court quashed the appeal due to her failure to file timely post-trial motions. *See generally Chalkey v. Roush*, 569 Pa. 462, 469–70, 805 A.2d 491, 496 (2002). Bottomer petitioned for allowance of appeal by this Court, which was denied.

On Bottomer's appeal of Judge Herron's order, the Superior Court reversed in a divided opinion, holding that the declaratory judgment and arbitration proceedings could proceed simultaneously. *See Bottomer v. Progressive Cas. Ins. Co.*, 816 A.2d 1172 (Pa.Super.2003). At the outset, the majority noted that preliminary objections are appropriately filed in response to pleadings, *see* Pa.R.C.P. Nos. 1017, 1028, but not petitions. Nevertheless, since Bottomer did not contest Progressive's preliminary objections on such grounds, the majority deemed this defect waived. *See Bottomer*, 816 A.2d at 1173 n. 1. On the merits, because the issue of the applicability of the household exclusion was not among those expressly excepted from the policy's arbitration provision, the majority acknowledged that, in the first instance, the matter was within the province of the arbitrators. *See id.* at 1174.

Notwithstanding this conclusion, however, the majority also credited Progressive's position that the interpretation of rights and duties under an insurance policy is also a proper subject for judicial determination. In this regard, the majority found it particularly relevant that the arbitration provision of the Progressive policy invoked the Arbitration Act of 1927,[2] which permitted an appellate court to correct an arbitration award on the basis of legal error. *See Bottomer*, 816 A.2d at 1175. The majority reasoned that the availability of judicial review from the outset with respect to the central subject of the controversy would serve the same general purposes as arbitration, by facilitating a prompt and final resolution. Finding no jurisdictional impediment to the declaratory judgment proceeding, *see id.* (citing *Erie Ins. Exch. v. Midili*, 450 Pa.Super. 279, 675 A.2d 1267 (1996)), the majority also observed that declaratory relief is designed to operate in tandem with the proceedings on an underlying dispute and is generally avail-

2. Act of April 5, 1927, P.L. 381 (superseded).

able even though other forms of relief are also available, *see* 42 Pa.C.S. § 7541(b). Therefore, the majority rejected Judge Herron's conclusion that Progressive's declaratory judgment action constituted a prior pending proceeding implicating a *lis pendens* restraint.[3]

Further, the majority noted that, even if the declaratory judgment were to be decided against Bottomer, she should still have a right to proceed with the arbitration, because the declaratory judgment could be reversed on appeal. *See Bottomer,* 816 A.2d at 1176–77. Additionally, the majority observed that it is common practice to permit a declaratory judgment action to proceed concurrently with an underlying action, and that there was no particular reason to exempt arbitration of uninsured or underinsured motorist benefits claims from this practice. *See id.* at 1177. As an aside, the majority also indicated that there was nothing to prevent the parties to agree to stay the arbitration until the declaratory judgment was decided. *See id.* at 1176.

Judge Tamilia dissented, highlighting Judge Herron's determination that the declaratory judgment would be dispositive of the underlying dispute and for all practical purposes predetermine the outcome, and therefore, pursuit of the arbitration would be futile. *See Bottomer,* 816 A.2d at 1177. Judge Tamilia also noted the remedial and expansive character of the Declaratory Judgment Act and expressed the belief that it was more orderly and expedient to permit the declaratory judgment proceeding to progress, while holding arbitration in abeyance, pending the result. *See id.* at 1178–79.

As a threshold and dispositive matter, Bottomer acknowledges that the validity of the household exclusion has been confirmed by this Court in fairly broad terms in *Prudential Property & Casualty Insurance Co. v. Colbert,* 572 Pa. 82, 94–95, 813 A.2d 747, 754–55 (2002). *Accord Rudloff v. Nationwide Mut. Ins. Co.,* 806 A.2d 1270, 1277 (Pa.Super.2002). Moreover, regardless of whether or not the adjudication of

3. The court also found the *lis pendens* doctrine inapt, since Bottomer's parents were named defendants in the declaratory judgment action, but were not parties in relation to the petition to compel arbitration.

Progressive's action for declaratory relief was proper, such adjudication has occurred and has been finalized through appellate review, albeit that the appeal was resolved on procedural grounds. For these reasons, there simply is no live controversy between the parties material to Bottomer's entitlement to underinsured motorist benefits, and this militates strongly against further review on our part. *See generally Pap's A.M. v. City of Erie*, 571 Pa. 375, 388–89, 812 A.2d 591, 599–600 (2002) (explaining the mootness doctrine). Although an exception to the mootness doctrine pertains to matters of great public importance, that exception is generally confined to a narrow category of cases. *See In re Gross*, 476 Pa. 203, 214–15, 382 A.2d 116, 122 (1978). Therefore, while several Justices maintain serious reservations about the approach of the Superior Court majority sanctioning concurrent judicial and arbitration proceedings centered on the same legal issue,[4] our resolution of the issue will have to await a case in which a live controversy is presented.

This appeal is dismissed as moot.

Justice NEWMAN did not participate in the consideration or decision of this case.

Justice BAER files a concurring opinion.

Justice BAER concurring.

I join the Per Curiam Opinion concluding that this matter is moot. I write separately to emphasize the need for full review of the holding enunciated in this case, and to foreshadow what could become a concern as subsequent cases involving this paradigm develop.

I am among the Justices who tentatively believe permitting virtually the same issues to proceed simultaneously through a declaratory judgment action and arbitration is jurisprudential-

4. Notably, the Third Circuit's recent decision in *Coviello*, 233 F.3d at 710, identifies a number of foundational issues that the *Bottomer* opinion does not address, including the unsettled issue of whether, and under what circumstances, attacks on insurance policy provisions based on public policy arguments should be subject to arbitration in the first instance. *See Coviello*, 233 F.3d at 714–16.

ly unsound and fraught with the potential to create untoward results. Presumably, we would be in a posture to decide the case *sub judice,* but for a procedural anomaly. In the declaratory judgment action, the trial court granted summary judgment for Appellant insurance company thwarting Appellee's averred right to arbitrate her claims. Appellee failed to file a timely post-trial motion, thereby, precluding both additional review of the trial court's disposition in the declaratory judgment case and Appellee's opportunity to arbitrate this matter; thus, mooting the case.

It concerns me that after both a declaratory judgment and arbitration are initiated, one or the other could repeatedly be concluded prior to this Court having the opportunity to determine the propriety of the two cases proceeding simultaneously, perhaps impacting the second case; as happened here. If this scenario would repeat, I would not necessarily find that the completion of one of the two cases mooted appellate review. Instead, I would recognize these as matters capable of repetition but generally evading appellate review, and invoke the doctrine permitting examination of such cases. *See Legal Capital, L.L.C. v. Medical Professional Liab. Catastrophe Loss Fund,* 561 Pa. 336, 750 A.2d 299, 300 n. 2 (2000) (applying the capable-of-repetition-yet-evading-review exception to the mootness doctrine).

Accordingly, notwithstanding my joining of the Per Curiam Opinion dismissing this action because the cessation of the declaratory judgment also truncated the arbitration and it is not clearly apparent that this matrix will necessarily repeat, I believe it important that this Court find the most appropriate methodology and decide whether declaratory judgment actions and arbitrations can proceed simultaneously on the same subject before such practice becomes engrained in Pennsylvania law.