## State Farm Mutual Insurance Co. v. Pfaff

*William C. Wagner,* for plaintiff.
*Alan L. Pepicelli,* for defendants.

SPATARO, *J.,* July 25, 2007—State Farm Mutual Automobile Insurance Company has filed this declaratory judgment action against Kevin Pfaff and Sonya Pfaff. State Farm asks that the court "issue a declaration providing that the Pfaff defendants' claim for underinsured motorists benefits to cover defendant Kevin Pfaff's alleged emotional injury is denied, that plaintiff State Farm is not required under the terms of its policies to make any underinsured motorists payment to Pfaff."

State Farm issued an automobile insurance policy to Pfaff. On May 30, 2005 both Kevin and Sonya Pfaff were involved in a terrible vehicular accident. On that date, Kevin Pfaff was operating a motorcycle, with his wife Sonya seated behind as a passenger. The motorcycle was struck by a vehicle that had crossed the center line of the highway. Sonya Pfaff suffered significant injuries, including the loss of her left leg. Kevin Pfaff was not as seriously injured and has apparently made a full recovery of his physical injuries.

At the time of the accident, the tort-feasor was insured through Erie Insurance Company which paid over to Pfaff the policy limits. Thereafter, the Pfaffs sought to recover pursuant to the underinsured coverage provisions of the State Farm policy. State Farm paid the underinsured limits to Sonya, but did not pay the limits to Kevin. Kevin then moved toward having his underinsurance claim resolved by way of the arbitration provisions of the State Farm policy, appointing Attorney E. Max Weiss as his arbitrator. State Farm moved toward arbitration as well, appointing Attorney William Haushalter. State Farm then filed this declaratory judgment action.

Pfaff has filed preliminary objections, asserting lack of jurisdiction over the subject matter, as well as contending that there is a prior action and agreement for arbitration which supplants the effort to have the court decide the issues of coverage in a declaratory judgment action. In addition, Pfaff has filed a petition to compel arbitration.

The Superior Court case of *Bottomer v. Progressive Casualty Insurance Company,* 816 A.2d 1172 (Pa. Super. 2003), is dispositive of the issues now before the court. Specifically, in *Bottomer* the insured filed a petition to compel arbitration, contending that a coverage issue, *i.e.,*

whether the "family car exclusion" precluded coverage of the insured's UIM claim, was an issue which was subject to arbitration and could also be litigated by the insurer filing a declaratory judgment action. As in the present case, the insurer in *Bottomer* had filed a declaratory judgment action, seeking enforcement of the family car exclusion language. Thus, both actions were tracking at the same time, the insured's petition to compel and the insurer's declaratory judgment action.

The Superior Court in *Bottomer* noted the differing forms of arbitration, those being:

(1) Common-law arbitration;

(2) Arbitration under the Uniform Arbitration Act of 1980; and

(3) Arbitration under the Act of 1927.

The insurance policy in *Bottomer,* as in the instant case, authorized arbitration pursuant to the Arbitration Act of 1927, distinguishing cases which were decided under the other forms of arbitration. The Supreme Court held that "where arbitration is to proceed under the rules and procedures of the Arbitration Act of 1927, a declaratory judgment action and the underlying arbitration should be allowed to proceed at the same time." *Id.* at 1177.

Not only is the holding in *Bottomer* good law, but also we note a significant distinction between *Bottomer* and the instant matter that compels that the arbitration proceeding complete its course first. In *Bottomer* the underlying issue was strictly a matter of law, *i.e.,* whether the family car exclusion precluded coverage. In the instant matter, there are mixed issues of fact and law. Kevin Pfaff was not only present when his wife was injured,

but was himself injured in the accident. State Farm asserts, in the declaratory judgment action, that Kevin Pfaff was fully compensated for the bodily injuries he actually sustained in the accident, but who is to say that is the case? It may be that Kevin Pfaff was not made whole with respect to his physical injuries, even if one does not consider the emotional distress he most certainly experienced from observing the horrific injuries sustained by his wife. The term "bodily injury" is subject to interpretation in the context of the insurance contract and by application of tort law generally. Damages for negligently caused mental trauma are not precluded in every case, and tort law now recognizes a cause of action for such damages in certain situations, even when the claimant is outside the zone of danger of actual physical contact with the negligent force. See *e.g., Sinn v. Burd,* 486 Pa. 146, 404 A.2d 672 (1979); *Brooks v. Decker,* 343 Pa. Super. 497, 495 A.2d 575 (1985), *aff'd,* 512 Pa. 365, 516 A.2d 1380 (1986); *Anthem Casualty Insurance Company v. Miller,* 729 A.2d 1227 (Pa. Super. 1999).

Once the arbitration proceeding has concluded and the decision of the arbitrators has been made, the parties will have the transcripts from that proceeding for use in the declaratory judgment action if there is a need to proceed with the declaratory judgment action. Issues of fact will have been decided. The board of arbitrators is no less capable of deciding the coverage issue than this court. Therefore, the prudent course in this case, which has mixed questions of both law and fact, would be to grant the petition to compel arbitration, but deny the preliminary objections, while issuing the equivalent of a case management order that requires that the declaratory

judgment action be held in abeyance until after the completion of the arbitration proceedings.

In accordance with the foregoing, it is hereby ordered as follows:

## ORDER

And now, July 25, 2007, the petition to compel arbitration is granted. The parties are directed to proceed, without delay, with the arbitration process as required under the insurance contract and in conformity with the Arbitration Act of 1927.

The defendants' preliminary objections are denied at this time. However, in the nature of a case management order, this court directs that the declaratory judgment action be held in abeyance or otherwise stayed pending the outcome of the arbitration proceedings. In the event the arbitration proceedings result in a resolution acceptable to all parties, then the plaintiff is directed to file a praecipe, discontinuing the declaratory judgment action. In the event either or both of the parties are dissatisfied with the decision of the arbitrators, provided that the dissatisfaction is in connection with the coverage issue raised in the declaratory judgment action, then in that event, the stay relating to this declaratory judgment action will be lifted upon motion of the dissatisfied party to the arbitration proceedings.