## Commonwealth v. Albert J. Narducci, Inc. No. 2

*Paul A. Kunkel* and *H. Goldbacher*, for petitioner.

*George L. Reed* and *Edward H. Cushman*, for additional defendant.

Fox, J., April 14, 1941.—This matter comes before us upon a motion to dismiss the petition and order joining Stewart Bros. Company as an additional defendant in the above-stated case.

The suit at bar is a claim by the Commonwealth of Pennsylvania against the above-named defendant, for unpaid unemployment compensation assessments, made by the Commonwealth against defendant in the total amount of $1247.34, together with interest thereon totaling $391.35, or a grand total of $1,638.69.

Defendant, in its petition to join Stewart Bros. Company as an additional defendant in the claim of the Commonwealth, contends that it is not liable to the Commonwealth for the said claim, but that by various agreements and stipulations, between the two companies, the said claim of the Commonwealth is justly due and owing by Stewart Bros. Company.

The first objection of the additional defendant is that there is now pending a prior suit instituted by defendant against additional defendant, Stewart Bros. Company, in the Court of Common Pleas No. 6 of Philadelphia

County as of June term, 1939, no. 4310, whereby defendant includes, inter alia, the amount sued for in the claim of the Commonwealth against defendant; that the said case in Philadelphia had been listed for trial in February 1941, but was continued until April 1941.

Since the determination of the action in the Philadelphia courts will be res adjudicata of the question raised here, we can see no reason to permit the joining of an additional defendant in the matter here instituted. Defendant in the instant case has chosen his forum, to wit, the Common Pleas Court of Philadelphia County; he cannot be in two courts of the Commonwealth on the same question.

In 1 Standard Pa. Practice §61, p. 50, it is said, inter alia:

"The court which first acquires the lawful jurisdiction of specific property by the seizure thereof, or by the due commencement of a suit from which it appears that it is or will become necessary to a determination of the controversy involved, or to the enforcement of the judgment or decree therein, for the court to seize, to charge with a lien, to sell, or to exercise other like dominion over the property, thereby withdraws that property from the jurisdiction of every other court so far as it is necessary to accomplish the purpose of the suit, and that court is entitled to retain such control as is requisite to effectuate its final judgment or decree therein free from the interference of every other tribunal . . . When the pendency of a suit in one court is relied on to defeat a second suit in another court of concurrent jurisdiction, the identity of the parties, of the case made, and of the relief sought should be such that if the first suit has been decided, it can be pleaded in bar as a former adjudication." And in the footnotes a number of cases are cited.

Wherefore, we are of opinion that the motion to dismiss the petition and order joining Stewart Bros. Company as an additional defendant should be sustained and the petition and order dismissed.

And now, April 14, 1941, upon due consideration, it is hereby ordered, adjudged, and decreed, that the motion to dismiss the petition and order joining Stewart Bros. Company as additional defendant is sustained and the petition and order are dismissed.