

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-22-2006

# Stangl v. Port Auth Alghny

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3459

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Stangl v. Port Auth Alghny" (2006). *2006 Decisions.* Paper 1069.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1069

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-3459

DANIELLE STANGL;
YVETTE KOERNER

v.

PORT AUTHORITY OF ALLEGHENY COUNTY;
WILLIAM MCARDLE

Port Authority of Allegheny County,
Appellant

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(D.C. Civil No. 02-cv-01184)
District Judge: The Honorable David S. Cercone

Argued: May 11, 2006

Before: BARRY, SMITH and TASHIMA,[*] <u>Circuit Judges</u>

(Opinion Filed: May 22, 2006)

_____

[*] The Honorable A. Wallace Tashima, Senior Circuit Judge, United States Court of
Appeals for the Ninth Circuit, sitting by designation.

Christopher J. Hess, Esq. (Argued)
Terrence R. Henne, Esq.
Port Authority of Allegheny County
345 Sixth Avenue, 3rd Floor
Pittsburgh, PA   15222

Lisa M. Passarello, Esq.
Buchanan Ingersoll
301 Grant Street
One Oxford Centre, 20th Floor
Pittsburgh, PA 15219

Counsel for Appellant


Edward A. Olds, Esq. (Argued)
Richard S. Matesic, Esq.
1007 Mount Royal Boulevard
Pittsburgh, PA 15223

Counsel for Appellees

Thomas S. Biemer, Esq.
Dilworth Paxson
1735 Market Street
3200 The Mellon Bank Center
Philadelphia, PA 19103

Counsel for Amicus-Appellant Southeastern Pennsylvania Transportation Authority

---

OPINION

---

BARRY, Circuit Judge

In 2002, Danielle Stangl and Yvette Koerner initiated a lawsuit against the Port

Authority of Allegheny County and the Port Authority Police Chief, William McArdle,

alleging gender discrimination and retaliation.  In May 2005, shortly before the case was

scheduled to go to trial, the Port Authority filed a motion for summary judgment claiming

that it was entitled to Eleventh Amendment immunity.  The District Court denied the

motion, finding that "the Port Authority is not an alter ego of the Commonwealth, and is

not entitled to immunity under the Eleventh Amendment."[1]  (App. at 13.)  The Port

Authority appealed.  We have jurisdiction under 28 U.S.C. § 1291,[2] and will affirm.

The Eleventh Amendment provides: "The Judicial power of the United States shall

not be construed to extend to any suit in law or equity, commenced or prosecuted against

one of the United States by Citizens of another State, or by Subjects of any Foreign

State."  U.S. Const. amend. XI.  Eleventh Amendment immunity is available to states, as

well as to any entity that is considered an "arm of the state."  *See Edelman v. Jordan*, 415

---

[1] The District Court held, in the alternative, that even if the Port Authority is entitled to Eleventh Amendment immunity, "then such immunity must be abrogated in this instance to remedy the alleged unconstitutional conduct that discriminates based upon gender." (App. at 15.)  Because we agree that the Port Authority is not entitled to Eleventh Amendment immunity, we do not reach the abrogation issue.

[2] "Ordinarily we do not have appellate jurisdiction to review district court orders denying motions to dismiss or for summary judgment because there is no final order within the meaning of 28 U.S.C. § 1291."  *Acierno v. Cloutier*, 40 F.3d 597, 606 (3d Cir. 1994).  We have jurisdiction over an order denying Eleventh Amendment immunity, however, because "the denial of a defense of sovereign immunity is immediately appealable under the collateral order doctrine."  *Bell Atlantic-Pennsylvania, Inc. v. Pa. Pub. Util. Comm'n*, 273 F.3d 337, 343 (3d Cir. 2001) (citing *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 147 (1993)).  As we have explained, "an order denying a defense of immunity is reviewable before trial because entitlement to 'immunity from federal claims encompasses not only immunity from liability, but also immunity from suit.'" *Acierno*, 40 F.3d at 606 (quoting *Brown v. Grabowski*, 922 F.2d 1097, 1105 (3d Cir. 1990)).

U.S. 651 (1974). In *Fitchik v. New Jersey Transit Rail Operations*, 873 F.2d 655 (3d Cir.

1989), we synthesized the factors to be considered when determining whether an entity is

an arm of the state for Eleventh Amendment purposes. We articulated a three prong

analysis, and directed district courts to consider the following questions:

> (1) Whether the money that would pay the judgment would come from the state (this includes three of the *Urbano [v. Board of Managers*, 415 F.2d 247 (3d Cir. 1969)] factors -- whether payment will come from the state's treasury, whether the agency has the money to satisfy the judgment, and whether the sovereign has immunized itself from responsibility for the agency's debts);
> (2) The status of the agency under state law (this includes four factors -- how state law treats the agency generally, whether the entity is separately incorporated, whether the agency can sue or be sued in its own right, and whether it is immune from state taxation); and
> (3) What degree of autonomy the agency has.

*Id.* at 659.[3]

Here, the District Court found that the first and third factors weighed against

immunity, while the second factor weighed slightly in favor of it. We need not reprise

those findings. Suffice it to say that substantially for the reasons set forth in the District

---

[3] For many years, we considered the first consideration to be "the most significant factor." *Id.* (quoting *Urbano*, 415 F.2d at 251). Recently, however, we held that we can "no longer ascribe primacy to this factor." *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 239 (3d Cir. 2005). Accordingly, "[w]e now accord equal consideration to all three prongs of the analysis—payment from the state treasury, status under state law, and autonomy." *See Febres v. Camden Bd. of Educ.*, No. 05-1178, 2006 U.S. App. LEXIS 9687, at *5 (3d Cir. April 18, 2006). In close cases, however, where "indicators of immunity point in different directions," *Hess v. Port Authority Trans-Hudson Corp.*, 513 U.S. 30, 47 (1994), the Supreme Court dictates that "the principal rationale behind the Eleventh Amendment— protection of the sovereignty of states through 'the prevention of federal-court judgments that must be paid out of a State's treasury,'–should 'remain our prime guide.'" *Febres*, 2006 U.S. App. LEXIS 9687, at *5.

Court's well-reasoned opinion, we will affirm. *See Febres v. Camden Bd. of Educ.*, No.

05-1178, 2006 U.S. App. LEXIS 9687 (3d Cir. April 18, 2006).