936 A.2d 131 (2007)
Danielle Stangl HILLGARTNER and Yvette Koerner Blickenderfer, Appellants
v.
PORT AUTHORITY OF ALLEGHENY COUNTY; Jason Fincke, Chief of Staff, in his individual capacity; Tawnya Moore-Magee, Assistant General Manager of Human Resources, in her individual capacity; Inez Colon, Director of Employment, in her individual capacity and William McArdle, Chief of Transit Police and Security Department, in his individual capacity.
Commonwealth Court of Pennsylvania.
Argued May 8, 2007.
Decided September 12, 2007.
*134 Richard S. Matesic, Pittsburgh, for appellants.
Christopher J. Hess, Pittsburgh, for appellee, Port Authority of Allegheny County.
BEFORE: LEADBETTER, President Judge, and SMITH-RIBNER and SIMPSON, JJ.
OPINION BY Judge SIMPSON.[1]
This appeal involves dismissal of a state action alleging gender discrimination in favor of a prior pending federal action by the same plaintiffs also alleging gender discrimination. We examine whether the doctrine of lis pendens applies here.
In July 2003, Danielle Stangl Hillgartner and Yvette Koerner Blickenderfer (collectively, Plaintiffs) filed a complaint in the United States District Court for the Western District of Pennsylvania seeking damages for alleged gender discrimination in violation of the Fourteenth Amendment (federal complaint). The federal complaint also alleged retaliation and a violation of the Equal Pay Act.[2] During the next two years, the federal case proceeded through discovery to the threshold of trial.
Notwithstanding, in May 2005 the same Plaintiffs filed a second complaint in Allegheny County Common Pleas Court (state trial court) seeking damages for the same constitutional violations (state complaint). Plaintiffs also asserted violations of the Pennsylvania Human Relations Act (PHRA)[3] and Article 1, § 28 of the Pennsylvania Constitution.[4]
*135 On Defendants'[5] preliminary objections, the state trial court dismissed Plaintiffs' state complaint under the doctrine of lis pendens. On appeal, Plaintiffs assert error, claiming the state complaint involves issues not presented in the federal complaint. Plaintiffs further claim the state trial court erred by dismissing their complaint as opposed to staying the state court proceedings. After careful examination of Plaintiffs' arguments, we affirm.

I.
The following facts are not disputed. Since 2000, Plaintiffs worked as telecommunications specialists for Port Authority's Transit Police and Security Department (Police Department). The Police Department also employs transit police officers. In 2001-02, 2003, and 2004, Plaintiffs applied for but were denied promotions to open transit police officer positions.
In January 2002, Plaintiff Hillgartner filed complaints with the Pennsylvania Human Relations Commission (PHRC) and the Equal Employment Opportunity Commission (EEOC). She alleged violations of the PHRA and federal statutes resulting from Port Authority's failure to promote her to the position of transit police officer. Plaintiff Blickenderfer filed similar complaints in March 2002.
In July 2003, Plaintiffs filed a federal complaint naming Port Authority and Police Chief as defendants. Reproduced Record (R.R.) at 35a-43a. The federal complaint briefly referenced the status of transit police officers and the qualifications for appointment to the position. In addition, Plaintiffs averred the Police Chief, as final policy maker for Police Department personnel, engaged in discriminatory practices in 2002 by hiring only males for open transit police officer positions and by paying a male dispatcher higher wages for the same work as Plaintiffs performed. Plaintiffs alleged they possessed superior qualifications to the males that were hired, and that they have been denied other promotional opportunities.
Significantly, Plaintiffs' federal complaint alleged a violation of equal protection under the Fourteenth Amendment. Plaintiffs also averred a violation of the First Amendment based on defendants' refusal to promote Plaintiffs in retaliation for their complaints of gender discrimination.[6] Finally, Plaintiffs asserted a violation of the Equal Pay Act. In their prayer for relief, Plaintiffs sought relief in the nature of an injunction enjoining Port Authority from engaging in gender discrimination, compensatory damages, punitive damages and counsel fees.
Subsequently, the PHRC issued Plaintiffs right to sue letters in February 2003. R.R. at 24a-25a. The EEOC then issued dismissal notices in September 2003. R.R. at 88a-89a.
After extensive discovery in the federal action which included subsequent hiring rounds in 2003 and 2004, the federal action *136 was set for trial on May 11, 2005. Despite the impending trial, however, Plaintiffs sought leave to amend their federal complaint in February, 2005. In particular, they sought to include causes of action for violations of the PHRA and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17. Plaintiffs did not, however, seek to amend their federal complaint to include specific averments of gender discrimination during the 2003 or 2004 hiring rounds. Also, Plaintiffs did not seek to add Moore-Magee and Colon as defendants.
Based on the passage of time, the federal court denied Plaintiffs' leave to amend request a month before the scheduled trial date. Specifically, the federal court concluded the statute of limitations barred Plaintiffs' Title VII claim. As to Plaintiffs' claims under the PHRA, the federal court found no justifiable reason for Plaintiffs' 18-month delay in seeking amendment of the federal complaint after the EEOC issued its dismissal notices. R.R. at 100a-103a.
On May 9, 2005, two days before the scheduled trial, Port Authority and Police Chief filed a second summary judgment motion asserting immunity under the Eleventh Amendment.[7] The federal court denied the motion, and Port Authority and Police Chief appealed to the Court of Appeals for the Third Circuit. The Circuit Court affirmed and, the Supreme Court denied certiorari in late 2006. Stangl v. Port Auth. of Allegheny County, 181 Fed. Appx. 231 (3d Cir.), cert. denied, ___ U.S. ___, 127 S.Ct. 664, 166 L.Ed.2d 513 (2006). Presumably, the federal case is now ready for trial.
As a result of Defendants' belated immunity defense, Plaintiffs filed the instant state complaint in May 2005. In that complaint they reasserted their claims of gender discrimination against Port Authority and Police Chief during the 2002 hiring round. Consistent with state fact pleading requirements, Plaintiffs also detailed similar discriminatory conduct in 2003 and 2004 in violation of the PHRA. The remaining causes of action in the state complaint include an alleged violation of the Fourteenth Amendment, actionable pursuant to 42 U.S.C. § 1983,[8] against Defendants. R.R. at 15a-19a (Counts II-IV). As in the federal action, Plaintiffs aver Defendants retaliated against them in violation of the First Amendment. R.R. at 19a-21a (Count V). Finally, Plaintiffs allege Defendants violated Article 1, § 28 of the Pennsylvania Constitution. R.R. at 21a (Count VI). Like the federal complaint, Plaintiffs' state complaint seeks compensatory and punitive damages for discrimination under various legal theories. R.R. at 22a.
Defendants filed preliminary objections. The relevant objections for purposes of this appeal challenge Plaintiffs' complaint on grounds of a prior pending action, failure to state a cause of action under the Pennsylvania Constitution, and Plaintiff *137 Hillgartner's failure to state a cause of action against Moore-Magee and Colon for violations of the Fourteenth Amendment. R.R. at 26a-33a.
In support of their objection based on a prior pending action, Defendants maintain Plaintiffs' causes of action in the state complaint are based on a common factual background and involve identical legal theories presented in the federal action, namely the alleged failure to hire Plaintiffs in 2002, 2003, and 2004, and thus, must be brought in a single action pursuant to Pa. R.C.P. No. 1020(d),[9] which generally prohibits splitting causes of action. R.R. at 29a-30a. Defendants further assert Plaintiffs' claims are precluded by res judicata and collateral estoppel. Id. Defendants also object to Plaintiffs' Pennsylvania constitutional claim on the ground there is no private cause of action for an alleged violation of Article 1, § 28. In their final challenge, Defendants argue Plaintiff Hillgartner failed to allege any adverse actions by Moore-Magee and Colon that would support a 42 U.S.C. § 1983 violation.
At oral argument on the preliminary objections, Plaintiffs' counsel acknowledged the state complaint is a precautionary measure to preserve Plaintiffs' viable state court actions in response to Defendants' belated immunity defense in the federal action. R.R. at 210a; 218a. With this in mind, the state trial court granted Defendants' preliminary objections "based on the pending federal action and the untimely PHRA claims." Original Record (O.R.) at Item 12.
On appeal to this Court, Plaintiffs assign error in the state trial court's dismissal for lis pendens. More specifically, they assert the state action involves claims not at issue in the federal action; the state trial court failed to recognize that the alleged 2003 and 2004 discriminatory acts are separate and distinct transactions not raised in the federal complaint; and the state trial court should have stayed, rather than dismissed, the state action.

II.
Our Supreme Court first recognized the doctrine of lis pendens in Hessenbruch v. Markle, 194 Pa. 581, 593, 45 A. 669, 671 (1900) (quoting Harrisburg v. Harrisburg City Passenger Ry. Co., 1 Pa. D. 192 (C.P. Dauphin 1892)) and enunciated a three-prong test for its application:
A plea of former suit pending must allege that the case is the same, the parties the same, and the rights asserted and the relief prayed for the same; and, whether the truth of the plea can be ascertained by an inspection of the record, the court will determine the question without a reference.
The doctrine, which is designed to protect a defendant from having to defend several suits on the same cause of action at the same time, requires more than a mere allegation of a pending suit; it requires proof the prior case is the same, the parties are substantially the same, and the relief requested is the same. Pa. Pharmacists Ass'n v. Dep't of Pub. Welfare, 733 A.2d 666 (Pa.Cmwlth.1999); Va. Mansions Condo. Ass'n v. Lampl, 380 Pa.Super. 452, 552 A.2d 275 (1988); Lowenschuss v. Selnick, 324 Pa.Super. 193, 471 A.2d 529 (1984). The three-pronged identity *138 test must be strictly applied when a party seeks to dismiss a claim under lis pendens. Norristown Auto. Co., Inc. v. Hand, 386 Pa.Super. 269, 562 A.2d 902 (1989). "As to the averment of lis pendens . . . it is purely a question of law determinable from an inspection of the records in the two causes." Procacina v. Susen, 301 Pa.Super. 392, 447 A.2d 1023, 1025 (1982) (quoting Hessenbruch, 194 Pa. at 593, 45 A. at 671).
Here, Defendants attached to their preliminary objections the federal complaint and other filings in the federal action. The additional filings include Plaintiffs' counterstatement of material facts filed in opposition to Port Authority and Police Chief's first summary judgment motion, the federal court's summary judgment order, Plaintiffs' motion for leave to amend the complaint and the federal court's order denying the motion, and Plaintiffs' amended pretrial statement. The state trial court, therefore, had the necessary information available for examining whether lis pendens should prevail, and if so, how to proceed if the lis pendens is valid. Lampl.[10]

III.
We begin by noting Plaintiffs discontinued their cause of action for alleged violations of the PHRA in their state complaint. Pls.' Br. at 15. This is significant for two reasons. First, the discontinuance diminishes Plaintiffs' assertion that the state action involves claims not at issue in the federal action.
*139 Second, the discontinuance of the claim for alleged violation of the PHRA focuses our inquiry into the application of lis pendens. In this regard, the state trial court did not discuss how the doctrine impacts Plaintiffs' remaining causes of action in the state complaint, namely, gender discrimination in violation of the Fourteenth Amendment (Counts II, III, and IV); retaliation in violation of the First Amendment (Count V) and gender discrimination in violation of the Pennsylvania Constitution (Count VI).
As noted above, application of lis pendens is purely a question of law. Therefore, as to application of the doctrine, our scope of review is plenary. Siekierda v. Dep't of Transp., Bureau of Driver Licensing, 580 Pa. 259, 860 A.2d 76 (2004). We also find support for an independent review of whether lis pendens bars Plaintiffs' remaining claims in Lowenschuss (where complete records of two actions are available for appellate review, appellate court may determine for itself whether lis pendens properly precipitates dismissal of second action). See 17 STANDARD PA. PRACTICE 2d § 92:92 (reviewing court will not remand matter for new trial or hearing whenever the question presented is exclusively one of law).

A.
Lis pendens first requires the cases be the same. The remaining state claims involve allegations of gender discrimination. Plaintiffs' federal complaint likewise alleges gender discrimination. Thus, the same rights are at issue in both complaints, regardless of the source of the rights' protection.
Notwithstanding this obvious parallel, Plaintiffs contend the actions are not the same because the state complaint seeks damages for alleged gender discrimination during the 2003 and 2004 hiring rounds, relying on National Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002) (each discrete act of discrimination constitutes a separate actionable unlawful employment practice). However, Plaintiffs' position neglects the important differences between federal notice pleading and state fact pleading, and their position misapprehends the federal court's denial of leave to amend the federal complaint to include additional causes of action.
Consistent with notice pleading, the federal court did not preclude recovery for additional acts of discrimination allegedly occurring after the filing of the federal complaint in 2002. Plaintiffs still may present evidence in the federal trial that Defendants discriminated against them in 2003 and 2004 in violation of the Fourteenth Amendment. Rather, the federal court precluded Plaintiffs from raising shortly before trial new legal theories as the bases for recovery, that is, violations of Title VII and the PHRA.
Indeed, Plaintiffs engaged in robust discovery and legal argument regarding the 2003 and 2004 incidents in federal court. In their counterstatement of material facts in response to the first summary judgment motion, Plaintiffs set forth Police Chief's alleged discriminatory conduct with regard to hiring rounds in 2002, 2003 and 2004. R.R. at 50a. Plaintiffs developed these claims further in their counterstatement:
As explained below, the evidence of record shows significant variation in how the above six processes were performed, if they were performed at all, during the four hiring rounds at issue in this case  those which occurred between December 2000 and August 2004, and which resulted in the hiring of thirteen officers, all male. More importantly, the evidence of record demonstrates that *140 [Police Chief] has historically exploited the variance in these processes to ensure a virtually male-only police force.
Id. at 52a (emphasis added). See id. at 53a (Police Chief recalled "instances during the period of 1999 through 2004 when he . . . [culled] through the applications and resumes that [Port Authority] received for [transit police officer] vacancies. . . .") (emphasis added); id. at 56a (Police Chief refused to rank the significance of a hypothetical candidate's prior arrest for criminal activity on at least two occasions from 2000 through 2004). Clearly, in their federal action Plaintiffs are pursuing damages for alleged discrimination occurring after the initial hiring round.
Moreover, Plaintiffs characterize their state complaint as protective in both written and oral argument. O.R. at Item 10, pp. 2, 5 ("Unless and until . . . Defendants reconsider their refusal to allow . . . Plaintiffs to litigate their claims in at least one court of competent jurisdiction, . . . Plaintiffs have no choice but to maintain their action in [state court]". . . . [and] had "Defendants not attempted their eleventh hour sneak attack on . . . Plaintiffs' federal cases, . . . Plaintiffs would have had no occasion to file the case now before [the state court.]"); R.R. at 210a, 218a. It is therefore proper to treat Plaintiffs' subsequent state action as an attempt to preserve their discrimination claims in state court, rather than a new, independent claim for relief.

B.
Lis pendens further requires the two actions involve substantially the same parties. Lampl. We conclude this criterion is also met. First and foremost, the plaintiffs are the same in both actions. Also, with the exception of Moore-Magee and Colon, the other two defendants are the same in both actions.
Although the state complaint includes defendants Moore-Magee and Colon, who are not named in the federal complaint, these defendants are in privity with the remaining Defendants and, thus, are substantially the same parties. Hessenbruch; Lampl.
Privity is broadly defined as "mutual or successive relationships to the same right of property, or such an identification of interest of one person with another as to represent the same legal right." Montella v. Berkheimer Assocs., 690 A.2d 802, 804 (Pa.Cmwlth.1997) (quoting Ammon v. McCloskey, 440 Pa.Super. 251, 655 A.2d 549, 554 (1995)). "Typically, the same loss, the same measure of damages, and the same or nearly identical issues of fact and law are involved. Generally, parties are in privity if one is vicariously responsible for the conduct of another, such as principal and agent or master and servant." Montella (citations omitted).
Here, Plaintiffs allege that Moore-Magee and Colon acted in concert with Police Chief under color of state law on behalf of Port Authority to discriminate against them. R.R. at 7a. They assert the same violations of rights based on nearly identical factual allegations which will be resolved in the federal action. The allegations, if proved, may also support vicarious liability of the Port Authority as employer of Moore-Magee, Colon and Police Chief. Hence, we conclude the named parties in the state complaint are substantially the same as those in the federal complaint for purposes of lis pendens.

C.
Lastly, lis pendens requires the same relief be sought in both actions. Plaintiffs seek compensatory and punitive damages in their state complaint. R.R. at 21a-22a. In their federal complaint, Plaintiffs *141 seek injunctive relief in addition to compensatory and punitive damages. R.R. at 43a.
The additional injunctive relief sought in the federal court does not prevent application of lis pendens to the state action. This is because the first action in federal court includes and therefore adequately protects all Plaintiffs' state claims for compensatory and punitive damages. Thus, Plaintiffs seek the same amount of money damages measured in the same way in both federal and state courts: loss of enhanced income since 2002, and the lesser included losses of enhanced income beginning in 2003 and 2004.
In view of the above discussion, all requirements for application of lis pendens are met.

D.
We further note that res judicata will ultimately preclude any recovery on the state complaint. Res judicata, or claim preclusion, prohibits parties involved in a prior litigation from subsequently asserting claims in a later action that were raised, or could have been raised, in the previous adjudication. Wilkes v. Phoenix Home Life Mut. Ins. Co., 587 Pa. 590, 902 A.2d 366 (2006). Res judicata shields parties from the burden of re-litigating claims with the same parties, or parties in privity with the original litigant, and serves to protect the courts from inefficiency and confusion that re-litigation fosters. Id.
In addition, "[a] plaintiff must recover all damages arising from given operative facts in a single action when the first forum has the ability to give the relief sought in the second forum." Int'l Prisoners' Union v. Rizzo, 356 F.Supp. 806, 810 (E.D.Pa.1973). Failure to raise a claim in the first forum and subsequently asserting it in an action arising out of the same facts constitutes a splitting of causes of action. Id.
Applying these principles, Plaintiffs seek damages for discrimination from the Port Authority and some of its employees. As we previously determined, these claims are noticed through the federal complaint. Regardless of the final resolution of the federal complaint, it will be res judicata both as to claims raised there and as to claims that could have been raised there. Wilkes.[11]
*142 In addition, documents currently in the record reveal the 2003 federal action reached the threshold of trial, whereas in the 2005 state action the pleadings are not closed. Therefore, there is every reason to believe the federal action will be the first to proceed to final judgment, which will preclude all the claims in state court. Under these circumstances, we cannot say the state trial court abused its discretion by dismissing the state action rather than setting it aside for further monitoring and action.

IV.
In sum, the state complaint represents a duplication of efforts by the parties where Plaintiffs' interests are adequately protected by the federal action. Lis pendens is therefore appropriately applied. See Commonwealth v. Albert J. Narducci, Inc. No. 2, 42 Pa. D. & C. 174 (C.P. Dauphin 1941) (in suit by Commonwealth against defendant, additional defendant's preliminary objections sustained where prior suit filed by defendant against additional defendant would be res judicata as to claims in Commonwealth action).
Accordingly, we affirm.

ORDER
AND NOW, this 12th day of September, 2007, the Court of Common Pleas of Allegheny County is AFFIRMED.
SMITH-RIBNER, J., dissented and filed opinion.
DISSENTING OPINION BY Judge SMITH-RIBNER.
I respectfully dissent from the decision of the majority to affirm the action of the Court of Common Pleas of Allegheny County sustaining preliminary objections of the Port Authority of Allegheny County (Port Authority) et al. and dismissing the complaint filed in this matter on the basis of the trial court's sua sponte application of the doctrine of lis pendens. The complaint was filed by Danielle Stangl Hillgartner and Yvette Koerner Blickenderfer (together, Plaintiffs) against the Port Authority and certain employees (together, Defendants), including William McArdle, the Chief of the Transit Police and Security Department (Transit Police Department), alleging acts of gender discrimination including failure to promote either of Plaintiffs to the position of Transit Police Officer.
Plaintiffs' state complaint includes allegations of failure to promote during hiring rounds in 2003 and 2004, which are distinct and separate transactions and occurrences from allegations of failure to promote that Plaintiffs pleaded in a complaint filed in federal court regarding, inter alia, hiring rounds in 2000 and 2002, giving rise to separate causes of action. In their federal complaint filed July 3, 2002, Plaintiffs averred that they were telecommunications specialists in the Transit Police Department and that Chief McArdle intentionally discriminated in hiring for the position of Transit Police Officer; that they sought promotions; and that they had superior qualifications compared to some of the males who were hired: three in early 2001 and six in a round of hiring that began in September 2001. They alleged other discriminatory conduct, including that Chief McArdle fostered *143 a hostile work environment in which women were subject to inappropriate and disfavored treatment compared to men, with lower pay for the same work, and were discouraged from aspiring to the Transit Police Officer position, as well as retaliation for speaking out against unequal treatment. In May 2005 they filed the subject state complaint, which repeated some allegations of the federal complaint but added new allegations regarding failure to promote either of Plaintiffs in a third round of hiring in 2003 and a fourth round of hiring in 2004.
Preliminarily, I disagree with the majority's conclusion in its n. 10 that the trial court did not raise the issue of the doctrine of lis pendens of its own accord. The majority quotes paragraphs from the preliminary objections that appeared under a heading "Plaintiffs Filed a Federal Action on the Same Claims Three Years Ago." Preliminary Objections to Complaint p. 3; Reproduced Record (R.R.) 28a. These paragraphs refer to the filing of the federal complaint on July 3, 2002; references to assertions of failure to hire in 2003 and 2004 as well as 2000 and 2002 in the later course of those proceedings; a statement that the claims that Plaintiffs sought to add in their motion for leave to amend in the federal case pursuant to the Pennsylvania Human Relations Act (PHRA), Act of October 27, 1955, P.L. 744, as amended, 43 P.S. §§ 951-963, and Title VII of the Civil Rights Act of 1964 (Title VII), 43 U.S.C. §§ 2000e-2000e-17, were identical to and congruent with existing claims in the federal case; and the fact that the state action was filed shortly after leave to amend was denied. These paragraphs appear in the factual background portion of the preliminary objections.
In the portion headed "Argument" and the section headed "Plaintiffs' Claims are Barred by Their Prior Action Pending in Federal Court," Preliminary Objections p. 4; R.R. 29a, Defendants relied expressly upon former Pa. R.C.P. No. 1020(d)(1), which required that "[i]f a transaction or occurrence gives rise to more than one cause of action against the same person, including causes of action in the alternative, they shall be joined in separate counts in the action against any such person," and former Pa. R.C.P. No. 1020(d)(4), which provided that "[f]ailure to join a cause of action . . . shall be deemed a waiver of that cause of action as against all parties to the action."[1] Defendants asserted that the claims against the Port Authority in the state complaint were "based upon a common factual background" and involved identical legal theories of alleged failure to hire Plaintiffs in 2000, 2001, 2003 and 2004 and alleged discriminatory retaliation, and they asserted finally that res judicata and collateral estoppel would apply.
According to Defendants' own pleading, therefore, their theory in this regard was a violation of Pa. R.C.P. No. 1020(d)(1). This clearly is not the same concept as the doctrine of lis pendens, and the trial court introduced this concept and applied it to dismiss Plaintiffs' cause of action without even providing the parties the opportunity to brief the question. There can be no dispute that the allegations of the state complaint regarding failure to promote Plaintiffs in 2003 and 2004 are different "transactions" from the allegations of failure *144 to promote in 2000 and 2002 pleaded in the federal complaint within the meaning of the rule.
The majority correctly cites the origin of the doctrine of lis pendens and the standard. In Hessenbruch v. Markle, 194 Pa. 581, 593, 45 A. 669, 671 (1900) (quoting Harrisburg v. Harrisburg City Passenger Ry. Co., 1 Pa. D. 192 (C.P. Dauphin 1892)) (emphasis added), the Supreme Court stated: "A plea of former suit pending must allege that the case is the same, the parties the same, and the rights asserted and the relief prayed for the same. . . ." The purpose of the doctrine is to protect a defendant from having to defend several suits on the same cause of action at the same time, and it requires more than a mere allegation of a pending suit: it requires proof that the prior case is the same, that the parties are substantially the same and that the relief requested is the same. Penox Techs., Inc. v. Foster Med. Corp., 376 Pa.Super. 450, 546 A.2d 114 (1988).[2]
Defendants rely upon Cardenas v. Schober, 783 A.2d 317 (Pa.Super.2001), where three legatees filed an action against an executor alleging breach of contract, fraud and other claims in connection with the handling of a will. Later, two legatees filed a second action adding a claim for intentional interference with an inheritance. The Superior Court held that the second suit was barred by lis pendens, where the causes of action and relief requested were the same, and the claim for intentional interference was encompassed by the factual allegations of the first suit. Defendants assert that this means lis pendens applies where the second cause of action could exist under the allegations of the first. Similarly, they cite Rostock v. Anzalone, 904 A.2d 943 (Pa.Super.2006), where the plaintiffs filed a negligence action for wrongful death and survival against a doctor and a hospital. Later, they filed an identical action with the addition of a statement that the action was for medical malpractice. The Superior Court affirmed the trial court's dismissal, rather than stay or consolidation, where the parties and relief requested were the same and the claim against the doctor in the first suit encompassed professional negligence. The cases obviously do not involve second actions based upon allegations of separate and distinct misconduct at a later time but rather circumstances where the second suits arose from the same transactions as the first.
The application of lis pendens in the present case turns primarily on the first of the three prongs stated by the Supreme Court: whether the case is the same. Plaintiffs argue, and I agree, that common sense shows that the transactions in the state complaint regarding hiring rounds in 2003 and 2004 cannot be identical to those that occurred in 2000 and 2002. Plaintiffs will have to rely upon different facts to prove the claimed injuries. Different persons were hired over Plaintiffs; Plaintiffs' qualifications were enhanced due to longer experience as Transit Police Department employees, and comparisons to the persons *145 actually hired necessarily will be different. There is no question that each failure to promote represents a distinct transaction giving rise to a distinct cause of action.
In National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002), the Supreme Court addressed the "continuing violation" theory under Title VII. It rejected a claim that discrete injuries, including a failure to promote the plaintiff, arising outside the 300-day limitations period were actionable as part of a continuing violation. The Court noted that 42 U.S.C. § 2000e-2 explains "unlawful employment practices" in great detail, including discrete acts such as failure to hire. The Court stated: "Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable `unlawful employment practice.'" Morgan, 536 U.S. at 114, 122 S.Ct. 2061. Plaintiffs stress in their reply brief that this Court has acknowledged that under Morgan "[e]ach discrete act, therefore, constitutes a separate actionable unlawful employment practice, and starts a new clock for filing charges alleging that act." Barra v. Rose Tree Media School District, 858 A.2d 206, 213 (Pa.Cmwlth. 2004). See also Ledbetter v. Goodyear Tire & Rubber Co., Inc., ___ U.S. ___, ___, 127 S.Ct. 2162, 2169, 167 L.Ed.2d 982 (2007) (citing Morgan, 536 U.S. at 113, 122 S.Ct. 2061): "But of course, if an employer engages in a series of acts each of which is intentionally discriminatory, then a fresh violation takes place when each act is committed."
The majority seeks to refute Plaintiffs' reliance upon the plain logic of Morgan by invoking the difference between federal notice pleading and Pennsylvania fact pleading. It asserts that under federal notice pleading rules the federal court did not preclude recovery for additional acts of discrimination allegedly occurring after the filing of the federal complaint in 2002 (in denying the motion to amend it precluded Plaintiffs from raising new theories shortly before trial), and they could still present evidence that Defendants discriminated against them in violation of the Fourteenth Amendment. Plaintiffs engaged in robust discovery and argument regarding the 2003 and 2004 hiring rounds and stated in their Counterstatement of Material Facts, p. 9; R.R. 52a, that the four hiring rounds between December 2000 and August 2004 were the ones at issue in the case.
The majority concludes that Plaintiffs are pursuing damages for alleged discrimination after the initial hiring rounds in the federal action, despite acknowledging that Plaintiffs have not sought to amend their complaint to seek recovery for later injuries and despite the majority's lack of citation to any rule or other authority that requires a plaintiff to assert all separate and distinct causes of action he or she might have against a defendant in one proceeding. Referring to notice versus fact pleading cannot avoid the fact that allegations of discrimination in hiring rounds in 2003 and 2004 are not the "same case" as allegations of discrimination in hiring in 2000 and 2002.[3]
The majority touches on a rationale in its discussion of res judicata. It cites Wilkes v. Phoenix Home Life Mut. Ins. *146 Co., 587 Pa. 590, 902 A.2d 366 (2006), cert. denied, ___ U.S. ___, 127 S.Ct. 688, 166 L.Ed.2d 518 (2006), for the proposition that res judicata prohibits parties involved in a prior litigation from asserting claims in a later action that were raised or could have been raised in the previous adjudication. Further, it quotes International Prisoners' Union v. Rizzo, 356 F.Supp. 806, 810 (E.D.Pa.1973): "A plaintiff must recover all damages arising from given operative facts in a single action when the first forum has the ability to give the relief sought in the second forum." Failure to raise a claim in the first forum and later asserting it in an action arising out of the same facts constitutes a splitting of a cause of action. Id.
As discussed above, however, the facts relating to Plaintiffs' claims of discrimination involving the 2003 and 2004 hiring rounds are not the same facts as those on which the claims relating to the earlier hiring rounds are based. The reference in Wilkes to claims that could have been raised in a prior litigation does not embody a requirement that a plaintiff assert any claim he or she may have against a defendant, however separately actionable it might be. Rather, as the Supreme Court stated in Fox v. Gabler, 534 Pa. 185, 189, 626 A.2d 1141, 1143 (1993) (emphasis added): "[A]s between Appellant and Appellee, the judgment is final and conclusive not only as respects matters actually presented to sustain or defeat the right asserted in the earlier proceeding but also as respects any other available matter which might have been presented to that end." The court held that a defense of illegality of a contract, which had been raised initially but then lost when the defendant's conduct resulted in entry of a default judgment, could not be raised later.
I disagree with the majority's discussion of res judicata and collateral estoppel. Although some aspects of a determination in the federal case (assuming that it is completed first) may become res judicata in the state case and some specific points actually litigated and necessary to the outcome may have collateral estoppel effect following a final judgment on the merits, the entire state cause of action would not be precluded for the reasons set forth above. In general, application of the doctrines of res judicata and collateral estoppel requires the existence of a final judgment in an earlier proceeding. Wilkes; Ragno v. Workers' Compensation Appeal Board (City of Philadelphia), 915 A.2d 1234 (Pa.Cmwlth.2007). The majority's anticipatory application of these doctrines before there is any final judgment in the federal case is premature and not helpful. Therefore, for all of the reasons discussed above, I dissent.
NOTES
[1] This case was reassigned to the author on July 23, 2007.
[2] See Fair Labor Standards Act of 1938, 29 U.S.C. § 206(d)(1).
[3] Act of October 27, 1955, P.L. 744, as amended, 43 P.S. §§ 951-963.
[4] Article 1, § 28 provides that "[e]quality of rights under the law shall not be denied or abridged in the Commonwealth of Pennsylvania because of the sex of the individual." PA. CONST. art. 1 § 28.
[5] Defendants in the state action include the Port Authority of Allegheny County (Port Authority); Jason Fincke, its Chief of Staff; Tawnya Moore-Magee, Assistant General Manager of Human Resources; Inez Colon, Director of Employment; and William McArdle, Chief of Port Authority's Transit Police and Security Department (Police Chief). Plaintiffs discontinued their claims against Fincke.
[6] Of particular import here, the federal court granted summary judgment in favor of Port Authority and Police Chief on Plaintiffs' retaliation claim in February 2005. The court determined Plaintiffs presented no evidence establishing any adverse employment action resulting from their right to complain of Police Chief's discriminatory actions. R.R. at 80a.
[7] The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI.
[8] 42 U.S.C. § 1983 provides, in pertinent part, as follows:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]
[9] Pa. R.C.P. No. 1020(d) provides:

If a transaction or occurrence gives rise to more than one cause of action heretofore asserted in assumpsit and trespass, against the same person, including causes of action in the alternative, they shall be joined in separate counts in the action against any such person. Failure to join a cause of action as required by this subdivision shall be deemed a waiver of that cause of action as against all parties to the action.
[10] We reject Plaintiffs' assertion the trial court impermissibly raised the doctrine of lis pendens on its own accord. In their preliminary objections, Defendants set forth the following relevant allegations under the heading "Plaintiffs Filed a Federal Action on the Same Claims Three Years Ago":

15. On July 3, 2002, Plaintiffs filed [the federal complaint].1
16. In their federal lawsuit, Plaintiffs claimed that Port Authority and [Police Chief] discriminated against them in hiring and retaliated against them in violation of the Fourteenth and First Amendments, respectively.
17. Throughout the proceedings in the federal action, Plaintiffs repeatedly claimed that Port Authority's failure to hire them as police officers in 2000, [2002], 2003 and 2004, gave rise to their claims. See, e.g., Exhibit D, Plaintiffs' Counterstatement of Material Facts, ¶ 29 (identifying thirteen vacancies as basis for federal claims in which Plaintiffs have not been hired including 2003 and 2004 hiring rounds).
18. On February 14, 2005, [the federal court] granted summary judgment in favor of Port Authority on Plaintiffs' First Amendment retaliation claim. See Exhibit C, Memorandum Opinion of Feb. 14, 2005.
19. Recognizing the weakness of their [42 U.S.C. § 1983] claims, Plaintiffs attempted to amend their Complaint in federal court to add claims under the PHRA. See Exhibit D, Motion for Leave and Amended Complaint.
20. Plaintiffs' expressly asserted that their "proposed [Title VII and PHRA] claims premised on [Defendants'] failure to hire Plaintiffs on the basis of gender are identical and entirely congruent with Plaintiffs' existing equal protection claims." See Exhibit D, Motion for Leave, ¶ 6.
21. [The federal court] denied Plaintiffs' request for leave to add the Title VII and PHRA claims because they were untimely. See Exhibit E, Memorandum Opinion dated April 6, 2005.
22. Unsatisfied with [the federal court's] rulings in the federal action  and less than a week after Port Authority's assertion of immunity under the Eleventh Amendment, the appeal of which is pending- Plaintiffs filed a Writ of Summons in this Court on May 13, 2005.
1. True and correct copies of all exhibits cited herein are attached hereto as Exhibits A through F.
R.R. at 28a-30a (emphasis by italics added). Thus, the preliminary objections clearly raised the issue that the pending federal action bars the state complaint. The trial court merely identified Defendants' theory of defense as lis pendens, which, until there is a final judgment in the federal case, is accurate.
[11] We recognize Plaintiffs' state action states claims for retaliation in violation of the First Amendment and gender discrimination in violation of the Pennsylvania Constitution. For the following reasons, however, neither of these claims compels a different result.

As to the retaliation claim, Plaintiffs raised a retaliation claim in their federal action by asserting Port Authority and Police Chief refused to promote them after speaking out against their unequal treatment. R.R. at 41a. In disposing of the first summary judgment motion, argued and decided in 2005 after the later hiring rounds, the federal court concluded Plaintiffs failed to demonstrate any adverse employment action. R.R. at 81a. For our purposes then, the federal court's order on Plaintiffs' retaliation claim is a final judgment on the merits. Res judicata precludes the same claim here. Dunham v. Temple Univ. of Commonwealth Sys. of Higher Ed., 288 Pa.Super. 522, 432 A.2d 993 (1981).
Furthermore, Plaintiffs' state constitutional claim could have been raised in the federal action. Indeed, that claim is based on the same operative facts and is dependent on the same evidence as Plaintiffs' federal claim of gender discrimination. Int'l Prisoners' Union. If the state action proceeds, the parties will be forced to relitigate the federal action. We therefore conclude res judicata precludes this cause of action. Wilkes.
Finally, we recently held in Jones v. City of Philadelphia, 890 A.2d 1188 (Pa.Cmwlth.), appeal denied, 589 Pa. 741, 909 A.2d 1291 (2006), a party may not recover money damages in a private action for violations of the Pennsylvania Constitution. Here, Plaintiffs' state complaint seeks only compensatory and punitive damages. See also Ryan v. Gen. Mach. Prods., 277 F.Supp.2d 585, 595 (E.D.Pa.2003) ("The Supreme Court of Pennsylvania has not ruled on the issue of whether there is a private cause of action for damages under the state constitution, and the federal courts in this Circuit that have considered the issue have concluded that there is no such right under the Pennsylvania Constitution."). Accordingly, Plaintiffs' state constitutional claim seeking money damages fails.
[1] The present version of Pa. R.C.P. No. 1020(d) similarly provides that if "a transaction or occurrence" gives rise to more than one cause of action heretofore asserted in assumpsit or trespass, against the same person, they shall be joined in separate counts in one action, and failure to join shall be deemed a waiver of that cause of action as against all parties.
[2] In Virginia Mansions Condo. Ass'n v. Lampl, 380 Pa.Super. 452, 552 A.2d 275 (1988), a condominium association filed an action against an owner to recover unpaid common fees and assessments; the owner filed a counterclaim claiming damages from the association for failure to repair fire damage, and the association filed preliminary objections raising the pendency of a prior action by the owner. The Superior Court reversed dismissal of the owner's counterclaim. Although the same basic operative facts were involved, the parties were substantially different. Also, the rights asserted and the relief requested were not identical. See also Glazer v. Cambridge Indus., Inc., 281 Pa.Super. 621, 422 A.2d 642 (1980) (holding lis pendens not available where earlier actions sought only equitable relief while a later action was for damages in assumpsit).
[3] It is not inconceivable that determinations of the merits of the claims could be different. For example, a court might determine that discrimination was not proved in regard to the earlier hiring rounds, based upon Plaintiffs' level of experience with the Transit Police Department, but that at the later times, when Plaintiffs had greater experience and superior qualifications, the only explanation for not promoting them was discrimination.