# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William Lucabaugh,                     :
                                       :
                    Appellant          :
                                       :   No. 558 C.D. 2016
              v.                       :   Submitted: December 16, 2016
                                       :
City of Pottsville                     :

OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                                    FILED: March 17, 2017


          This matter is one of three related appeals filed by William
Lucabaugh (Plaintiff), *pro se*, from orders of the Court of Common Pleas of
Schuylkill County (trial court) in actions that he filed against the City of Pottsville
(City) in 2009, September 2015, and December 2015. The order at issue in this
appeal sustained preliminary objections filed by the City in the December 2015
action and dismissed that action.[1] We affirm.

          All three of these appeals arise out of a dispute that has been before
this Court twice concerning orders issued by the City requiring Plaintiff to repair or
demolish a property that he owns. This Court's decisions in those two prior
appeals, *Commonwealth v. Lucabaugh (Lucabaugh I)*, (Pa. Cmwlth., No. 631 C.D.
2008, filed July 13, 2009), and *Commonwealth v. Lucabaugh (Lucabaugh II)*, (Pa.

---

[1] The two other related appeals presently before the Court are an appeal, docketed at No. 664
C.D. 2016, from an order denying reinstatement of the 2009 action after it had been terminated
for inactivity and an appeal, docketed at No. 741 C.D. 2016, from an order sustaining
preliminary objections filed by the City in the September 2015 action and dismissing that action.
While they are not consolidated, all three appeals have been decided together by this Court.

Cmwlth., No. 2528 C.D. 2009, filed October 19, 2010), establish the following history of this dispute.

Plaintiff is the owner of a property located at 317 N. George Street in the City (the Property) that was in a dilapidated and unsafe condition. (*Lucabaugh II*, slip op. at 2-4; *Lucabaugh I*, slip op. at 1-2.) In April 2005, before Plaintiff purchased the Property, the City issued a notice and order for demolition to the then-owner of the Property. (*Lucabaugh I*, slip op. at 2; *Lucabaugh II*, slip op. at 7.) In March and April 2007, after Plaintiff acquired the Property from a person who purchased it at a tax sale, the City sent to Plaintiff and posted on the Property a notice of violation of the City's International Property Maintenance Code (Code) due to the poor condition of the exterior of the structure on the Property, accompanied by a copy of the outstanding April 2005 notice and order for demolition of the Property. (*Lucabaugh I*, slip op. at 1-2; *Lucabaugh II*, slip op. at 7.) On June 4, 2007, the City issued a citation to Plaintiff charging him with violating Section 110.1 of the Code for failing to abate the outstanding demolition order against the Property. (*Lucabaugh I*, slip op. at 4.) A hearing was held before a magisterial district judge (MDJ) on the June 4, 2007 citation and the MDJ found Plaintiff guilty of the summary offense of violating Section 110.1 of the Code and ordered Plaintiff to pay a total of $361 in fines and costs. (*Id.* at 4-5; *Lucabaugh II*, slip op. at 2 n.2.) Plaintiff appealed and on October 22, 2007, the trial court, following a *de novo* hearing, found Plaintiff guilty and imposed the same fines and costs. (*Lucabaugh I*, slip op. at 5-7; *Lucabaugh II*, slip op. at 2 n.2.) This Court on July 13, 2009 affirmed this summary conviction. (*Lucabaugh I*, slip op. at 9-14 & Order; *Lucabaugh II*, slip op. at 2 n.2.)

2

On November 25, 2008, while Plaintiff's appeal of the 2007 summary conviction was pending in this Court, the City issued an order requiring Plaintiff to repair or demolish the structure on the Property within 45 days. (*Lucabaugh II*, slip op. at 2.) Although the City provided forms and instructions for filing an administrative appeal, Plaintiff did not file an administrative appeal from this order. (*Id.*) On May 6, 2009, because Plaintiff had not complied with the order to repair or demolish, the City again issued a citation charging Plaintiff with violating Section 110.1 of the Code and an MDJ found Plaintiff guilty of this violation and imposed a fine and costs totaling $565.50. (*Id.*) Plaintiff appealed and on November 23, 2009, the trial court, following a *de novo* hearing, found Plaintiff guilty and imposed a fine of $500 plus costs. (*Id.* at 3-4.) This Court on October 19, 2010 affirmed this 2009 summary conviction. (*Id.* at 5-8 & Order.)

Plaintiff filed the first of the three lawsuits at issue in these appeals, an action against the City and its Code Enforcement Officer, on December 17, 2009, after this Court's affirmance of the 2007 summary conviction in *Lucabaugh I* and before this Court ruled on his appeal in *Lucabaugh II*. In the 2009 action, Plaintiff asserted that the City was required to demolish the structure on the Property before he purchased the Property and that this obligation and deficiencies in the March 2007 notice of violation and in the City's administrative appeal procedure invalidated the 2007 and 2009 citations against him for failure to comply with repair or demolish orders. (Amended Complaint in S-3534-2009.)[2] In his filings

---

[2] Although these appeals are not consolidated, this Court may take judicial notice of pleadings and judgments in other judicial proceedings where, as here, the proceedings are related and were brought to attention of and considered by the trial court before it ruled in the case. *In Re Schulz' Estate*, 139 A.2d 560, 563 (Pa. 1958); *C.J. v. Department of Public Welfare*, 960 A.2d 494, 497 n.8 (Pa. Cmwlth. 2008); *Lycoming County v. Pennsylvania Labor Relations Board*, 943 A.2d **(Footnote continued on next page…)**

in the 2009 action, Plaintiff listed his address as 317 N. George Street, Pottsville, Pennsylvania, and continued to list that as his only address even after he contended that he was not receiving pleadings from defendants and orders from the trial court. (*See*, *e.g.*, Praecipe for Summons in S-3534-2009; Amended Complaint in S-3534-2009 at 19, 664 C.D. 2016 Supplemental Reproduced Record (Supp. R.R.) at 65a; 9/2/10 Petition to Open Judgment in S-3534-2009; Request for Clarification in S-3534-2009 at 2, 664 C.D. 2016 Supp. R.R. at 67a.) After Plaintiff filed a motion to compel production of documents in November 2011 in which he again listed his address as 317 N. George Street, Pottsville, Pennsylvania (11/7/11 Motion to Compel at 2), Plaintiff did nothing further to litigate the 2009 action and no docket activity occurred for over two years. (S-3534-2009 Docket Entries at 8-9.)

Because there was no docket activity, the trial court in 2014 sent notice of intent to terminate the 2009 action to Plaintiff at his address of record, 317 N. George Street, Pottsville, Pennsylvania, which was returned as undeliverable, and also published notice of intent to terminate the 2009 action in the Schuylkill Legal Record. (Notice of Proposed Termination of S-3534-2009, 664 C.D. 2016 Supp. R.R. at 1a; Second Petition to Reinstate S-3534-2009 ¶¶17, 27, 30 & Ex. G, 664 C.D. 2016 Supp. R.R. at 25a-26a, 37a-38a; Defendants' Response to Second Petition to Reinstate S-3534-2009 Ex. A, 664 C.D. 2016 Supp. R.R. at 2a, 12a-13a.) On January 7, 2015, the trial court entered an order terminating the 2009 action for inactivity. (1/7/15 Termination of Inactive Cases Order, 664 C.D. 2016 Supp. R.R. at 16a.) On September 14, 2015, eight months later, Plaintiff filed a Praecipe to change his address in the 2009 action and

---

**(continued…)**
333, 335 n.8 (Pa. Cmwlth. 2007). This Court accordingly takes judicial notice of the pleadings and orders in the 2009 action and the September 2015 action.

4

contends that he learned at that time that the action had been terminated for inactivity. (Praecipe to Change Address in S-3534-2009, 664 C.D. 2016 Supp. R.R. at 19a; Second Petition to Reinstate S-3534-2009 ¶24, 664 C.D. 2016 Supp. R.R. at 25a.) Plaintiff filed a petition to reinstate the 2009 action on October 12, 2015, which the trial court denied without prejudice for failure to set forth sufficient supporting facts, and on November 10, 2015, filed a second petition to reinstate the 2009 action.

On September 29, 2015, after learning that the 2009 action had been terminated for inactivity, Plaintiff filed a second action against the City. In multiple complaints that he filed in this September 2015 action, Plaintiff made the same assertion as in the 2009 action that the City was required to demolish the structure on the Property before he purchased the Property and claimed that this obligation and deficiencies in the March 2007 notice of violation and in the City's administrative appeal procedure invalidated both the 2007 and 2009 citations and additional citations issued by the City in 2015 concerning the Property. (11/4/15 Complaint in S-1765-2015; Second Amended Complaint in S-1765-2015, 741 C.D. 2016 Supp. R.R. at 84a-108a; 3/14/16 Amended Complaint in S-1765-2015.) The relief sought by Plaintiff in the September 2015 action included both damages and declaratory judgments on these issues. (11/4/15 Complaint in S-1765-2015 at 2, 7, 10, 12-15; Second Amended Complaint in S-1765-2015, 741 C.D. 2016 Supp. R.R. at 89a, 99a-100a, 103a-108a; 3/14/16 Amended Complaint in S-1765-2015 at 6, 16-17, 26-35.) The City filed preliminary objections to each of Plaintiff's complaints in the September 2015 action.

On December 4, 2015, Plaintiff filed a third action against the City. In this December 2015 action, Plaintiff made the same assertion as in the 2009 and

5

September 2015 actions that the City was required to demolish the structure on the Property before he purchased the Property and again claimed that this obligation and deficiencies in the March 2007 notice of violation and in the City's administrative appeal procedure invalidated both the 2007 and 2009 citations and additional citations issued by the City in 2015 concerning the Property. (Amended Complaint in S-2190-2015, 558 C.D. 2016 Supp. R.R. at 12a-23a.) In the December 2015 action, Plaintiff sought the same declaratory relief that he sought in the September 2015 action but did not assert claims for damages. (*Id.*, 558 C.D. 2016 Supp. R.R. at 12a-13a, 16a-18a.) The City filed preliminary objections in the December 2015 action.[3]

On March 4, 2016, the trial court sustained the City's preliminary objections in the December 2015 action and dismissed that action on the grounds, *inter alia*, that it was barred by the pendency of a prior action because all of the claims that it pleaded were asserted against the same defendant, the City, in the 2009 and September 2015 actions. On March 23, 2016, a different judge of the trial court denied Plaintiff's second petition to reinstate the 2009 action. On April 12, 2016, a third trial court judge sustained the City's preliminary objections to Plaintiff's Second Amended Complaint in the September 2015 action and dismissed that action. Plaintiff appealed all three orders to this Court.

---

[3] According to Plaintiff, the City demolished the structure on the Property on November 20, 2015, after he filed the September 2015 action, and obtained a judgment against him in a separate action in March 2016 in the amount of $25,469 for that demolition. (Second Amended Complaint in S-1765-2015 ¶156, 741 C.D. 2016 Supp. R.R. at 99a; Plaintiff's 3/15/16 Notice to Court.)

6

The issue in this appeal is whether the trial court erred in dismissing the December 2015 action based on pendency of a prior action.[4] We conclude that the trial court correctly held that Plaintiff's December 2015 action was barred by the pendency of his September 2015 action.

Pendency of a prior action, also known as the doctrine of *lis pendens*, is a valid ground for dismissal of a later-filed action where the parties, the causes of action and the relief are the same in both actions. *Cellucci v. Laurel Homeowners Association*, 142 A.3d 1032, 1046 (Pa. Cmwlth. 2016); *Hillgartner v. Port Authority of Allegheny County*, 936 A.2d 131, 137-41 (Pa. Cmwlth. 2007); *Barren v. Commonwealth*, 74 A.3d 250, 253 (Pa. Super. 2013); *Crutchfield v. Eaton Corp.*, 806 A.2d 1259, 1262 (Pa. Super. 2002). The purpose of this defense is to protect a defendant from harassment by having to defend multiple suits on the same cause of action at the same time. *Hillgartner*, 936 A.2d at 137; *Barren*, 74 A.3d at 253; *Crutchfield*, 806 A.2d at 1262. The earlier filed action involving the same parties, causes of action and relief must also still be pending at the time that the second action is filed. *Cellucci*, 142 A.3d at 1046. Whether the requirements of the prior pending action defense are satisfied is to be determined from inspection of the records in the two actions. *Cellucci*, 142 A.3d at 1046; *Hillgartner*, 936 A.2d at 138; *Crutchfield*, 806 A.2d at 1262.

Here, the parties were identical in the September 2015 and December 2015 actions. Plaintiff was the plaintiff in both actions and the City was the lone defendant in both. The causes of action were the same in both actions; the complaints in both the September 2015 and December 2015 actions asserted that

---

[4] Because application of the prior pending action doctrine is a question of law, our review of an order sustaining preliminary objections based on a prior pending action is plenary. *Hillgartner v. Port Authority of Allegheny County*, 936 A.2d 131, 139 (Pa. Cmwlth. 2007).

7

the City was required to demolish the structure on the Property before Plaintiff purchased the Property and that this obligation and deficiencies in the March 2007 notice of violation and in the City's administrative appeal procedure invalidated the same 2007, 2009, and 2015 citations against Plaintiff concerning the Property. (*Compare* Amended Complaint in S-2190-2015, 558 C.D. 2016 Supp. R.R. at 12a-18a *and* Second Amended Complaint in S-1765-2015 ¶¶1-2, 8, 10, 15, 18-19, 28, 55-59, 63-72, 76, 79, 90-93, 95, 109, 160, 741 C.D. 2016 Supp. R.R. at 84a-86a, 88a-92a, 94a-95a, 99a-100a.)  Indeed, Plaintiff admits in his brief that a decision on the merits in the September 2015 action "would have finally determined the issues" in the December 2015 action and that the December 2015 action "was intended to settle matters in 'S 1765-2015' [the September 2015 action]." (Appellant's Br. at 11-12.)  The same relief sought by Plaintiff in the December 2015 action was sought in the September 2015 action. (*Compare* Amended Complaint in S-2190-2015, 558 C.D. 2016 Supp. R.R. at 13a, 16a *and* Second Amended Complaint in S-1765-2015, 741 C.D. 2016 Supp. R.R. at 89a, 100a.) The September 2015 action was pending at the time that Plaintiff filed the December 2015 action. Although the trial court subsequently dismissed the September 2015 action in April 2016, it was still pending at the time that the trial court dismissed the December 2015 action on March 4, 2016.

While the complaints in the earlier September 2015 action also sought damages and contained some additional allegations not in the December 2015 action, this does not defeat the requirement that the causes of action and relief sought be the same.  Where all of the causes of action in the second action and all relief sought in that action were asserted and sought in the first action, the requirements of the prior pending action defense are satisfied, and the second

8

action may properly be dismissed even though the first action also seeks additional relief not sought in the second action and the allegations in the two actions are not identical. *Hillgartner*, 936 A.2d at 139-41; *see also Feldman v. Lafayette Green Condominium Association*, 806 A.2d 497, 502 (Pa. Cmwlth. 2002) (one of multiple claims in second action may be dismissed on prior pending action grounds even if other claims in the two actions are not the same).

Because the trial court correctly concluded that the December 2015 action was barred on prior pending action grounds, we affirm the order of the trial court.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William Lucabaugh,      :
     :
          Appellant      :
     :    No. 558 C.D. 2016
        v.      :
     :
City of Pottsville      :

**PER CURIAM**            **O R D E R**

AND NOW, this 17th day of March, 2017, the order of March 4, 2016 of the Court of Common Pleas of Schuylkill County in the above captioned matter is AFFIRMED.