J-A08012-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BENEFICIAL CONSUMER DISCOUNT COMPANY D/B/A BENEFICIAL MORTGAGE COMPANY OF PENNSYLVANIA | : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : | |
| | : | No. 862 WDA 2018 |
| PAMELA A. VUKMAN | : : | |
| Appellant | : | |

Appeal from the Order Entered February 29, 2016
In the Court of Common Pleas of Allegheny County
Civil Division at No(s):  GD-06-024554

BEFORE:  PANELLA, P.J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY PANELLA, P.J.:                    **FILED OCTOBER 9, 2019**

Appellant, Pamela A. Vukman, was the owner of residential property located in Pittsburgh, Pennsylvania.  However, because of allegations that she had not paid the note and mortgage which she executed on September 14, 2001, a foreclosure action was filed against her in October 2006.

Instead of proceeding at a scheduled trial on May 6, 2009, Vukman, represented by counsel, entered into a consent judgment.  Although Vukman agreed that a judgment be entered against her in the amount of $17,508.81, with continuing interest, the agreement included additional terms to assist Vukman in maintaining ownership of the property. The consent agreement provided that Appellee, Beneficial Consumer Discount Company, would not execute on the judgment unless Vukman violated the additional terms of the

consent judgment, which included a repayment schedule. Unfortunately, Beneficial filed an affidavit of default in April 2010. By order of the trial court dated July 1, 2010, the sheriff's sale of the property was conducted on August 2, 2010.

Vukman challenged the adequacy of the Act 91 notice[1] Beneficial sent her, and argued that this defect deprived the trial court of subject matter jurisdiction to grant foreclosure. The trial court agreed with Vukman and set aside the sheriff's sale. The Supreme Court of Pennsylvania reversed that order on September 25, 2013, holding that the defect in the Act 91 notice did not affect the subject matter jurisdiction of the trial court. *See Beneficial Consumer Disc. Co. v. Vukman*, 77 A.3d 547, 553 (Pa. 2013).

Vukman has attempted to file several *pro se* petitions and motions in the trial court during the pendency of Vukman's previous appeal. The trial court appropriately deferred ruling on these filings because, as the trial court noted, it lacked jurisdiction while the appeal before the appellate courts. *See* Pa.R.A.P. 1701. On February 19, 2014, following the Supreme Court's decision in Vukman's previous appeal, the trial court entered an order confirming the

---

[1] At the time, Act 91 required Beneficial to notify Vukman that she was delinquent and that she had thirty days to take steps to resolve the delinquency by restructuring the payment schedule or any other mutual agreement. *See Beneficial Consumer Discount Co. v. Vukman*, 77 A.3d 547, 550 (Pa. 2013).

sheriff's sale previously held in 2010 and denied all of the outstanding motions filed by Vukman.

Once again, Vukman appealed. The Superior Court affirmed the February 19, 2014 order. *See Beneficial Consumer Discount Co. v. Vukman*, 355 WDA 2014 (Pa. Super., filed April 6, 2015) (unpublished memorandum). A *pro se* petition for allowance of appeal was denied by the Pennsylvania Supreme Court on December 21, 2015.

Vukman continued to make *pro se* filings in the trial court while her petition for allowance of appeal was pending before the Supreme Court. On February 29, 2016, the Honorable Michael E. McCarthy of the Allegheny County Court of Common Pleas held that the trial court no longer had jurisdiction of the case after the Supreme Court refused to review the trial court's confirmation of the sheriff's sale. The order included the following language:

> AND NOW, this 29th day of February 2016, it is hereby Ordered that the "Motion to Deem Admitted and Rule Absolute" filed on behalf of Defendant, Pamela A. Vukman, is Denied.
>
> It is further ordered that pursuant to this Court's Order of February 19, 2014, which has since been affirmed on appeal, this case is terminated.
>
> The Department of Court Records shall not accept further filings by the parties under his case number.

Vukman subsequently filed the current appeal. Delays in the processing of this appeal were caused by Vukman's failure to pay the filing fees associated

with this appeal.  Eventually, an opinion pursuant to Pa.R.A.P. 1925 was filed by the trial court on August 2, 2018. Briefs have been filed, and the matter is ready for disposition.

After an exhaustive review of the procedural history of this case, and a close study of the briefs filed by the parties, we find the opinion filed by Judge McCarthy to be a comprehensive and well-stated decision.  Judge McCarthy clearly and correctly ruled that the trial court no longer had jurisdiction following the decision of the Pennsylvania Supreme Court of December 21, 2015, which denied review of the trial court's order confirming the earlier sheriff's sale.  Therefore, based upon Judge McCarthy's well-written August 2, 2018 opinion, we dismiss this appeal. ***See Bottomer v. Progressive Cas. Ins. Co.***, 859 A.2d 1282, 1285 (Pa. 2002) (holding that action that has been finalized through appellate review no longer represents a live controversy for courts to decide).

Appeal dismissed.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/9/2019

- 4 -

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| BENEFICIAL CONSUMER DISCOUNT COMPANY, D/B/A BENEFICIAL MORTGAGE COMPANY OF PENNSYLVANIA, | CIVIL DIVISION<br><br>No.   GD-06-024554<br>        862 WDA 2018 |
| Plaintiff, | |
| vs. | **OPINION** |
| PAMELA A. VUKMAN, | |
| Defendant. | Filed By:<br>Michael E. McCarthy, Judge |

COPIES TO:

Counsel for Plaintiff:

Andrew K. Stutzman, Esquire
Ian M. Long, Esquire
Stradley Ronon Stevens & Young
2600 One Commerce Square
Philadelphia, PA 19103-7098

Pro Se Defendant:

Pamela A. Vukman
104 Dorf Drive
Pittsburgh, PA  15209

19 AUG -2  PH 1 ...

FILED

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| Beneficial Consumer Discount Company, d/b/a Beneficial Mortgage Company of Pennsylvania, <br><br> Plaintiff, <br><br> v. <br><br> Pamela A. Vukman, <br><br> Defendant. | Civil Action <br><br> No. GD-06-024554 <br><br> 862 WDA 2018 |

## OPINION

The parties to this matter are Plaintiff, Beneficial Consumer Discount Company, d//b/a Beneficial Mortgage Company of Pennsylvania ("Beneficial"), and Defendant, Pamela A. Vukman ("Vukman"). On or about September 14, 2001, Vukman, as the owner of residential property at 104 Dorf Drive, Pittsburgh, Pennsylania, executed and delivered a mortgage on that property to Beneficial. In or around October 2005, Vukman failed to pay a mortgage installment when due and, failing to pay any further installments, remained in default thereafter. A foreclosure action eventually followed in October 2006. That matter proceeded to trial on May 6, 2009.

On the scheduled day of trial, Vukman, represented by counsel, entered into a consent judgment and, as a condition for doing so, assented to an omnibus release of defenses and counterclaims, inclusive of "any and all claims she may have had or may have in the future" in exchange for Beneficial's promise not to execute upon the judgment, provided Vukman abided by the terms of the consent. That resolution, captioned as "Judgment by Court Order", was signed by Judge Colville on that same date and was made a matter of record the following day. The resolution stated, in part:

> It is hereby ORDERED and DECREED that consent judgment is entered in favor of Plaintiff, Beneficial Consumer Discount Company ("Beneficial") in mortgage foreclosure and against Defendant, Pamela A. Vukman in the amount of $217,508.81 together with interest at the rate of $43.75 per diem for each day after May 6, 2009 and costs. It is further ORDERED and DECREED that Defendant Pamela A. Vukman's ("Vukman"), New Matter and Counterclaim are hereby DISMISSED WITH PREJUDICE.
>
> Beneficial agrees to NOT execute on the Judgment as long as Vukman mets [*sic*] the following requirements:
> .....
>
> If any of the requirements are not met by the Vukman, Beneficial may immediately execute on the Judgment and proceed to Sheriff's Sale.
>
> If all of the above requirements are met by Vukman, Beneficial will vacate this judgment and bring Vukman's loan current with a balance of $139,000.00 on July 19, 2010.
>
> Vukman agrees to Release and hold harmless any and all persons and business entities, including but not limited to Beneficial, Beneficial's employees, agents and representatives, ... from any and all claims set forth in Vukman's New Matter and Counterclaim and from any and all claims she may have had or may have in the future resulting from the matters brought forth in the above referenced action.

2

This agreement has been on record in open court with all parties present on May 6, 2009 at the above-captioned docket [number].

[Emphasis in original]

In April 2010, alleging that Vukman had failed to adhere to the requirements set forth in the May 2009 consent judgment, Beneficial caused an affidavit of default to be filed. A praecipe for execution followed that filing and, thereafter a notice of sheriff's sale was published. By order dated July 1, 2010, the sheriff's sale of the property was permitted to go forward as of August 2, 2010.

A motion to vacate the consent judgment filed by Vukman shortly after the affidavit of default was denied by Judge James. Notice of sheriff's sale followed, stating that the sale would go forward on June 7, 2010. Upon petition by Vukman, who averred that she had engaged counsel familiar with foreclosure proceedings, Judge Folino directed that the sale be delayed for thirty (30) days. Judge Folino's July 1, 2010 order which granted that delay further stated, however: "No further continuances. No further advertising required".

Apparently, a sale went forward on August 2, 2010. On August 31, 2010, Vukman, filed a "Motion to Set Aside the Judgment and Sheriff's Sale", asserting an inadequate Act 91 Notice. Among the arguments put forth by Vukman was that the Act 91 notice which had been delivered to Vukman had advised only of an opportunity to meet with a credit counseling agency and did not also recite that Vukman could similarly insist upon meeting with the mortgagee. Judge Mazur found that an opportunity for an in-person meeting between mortgagor and mortgagee to be a jurisdictional prerequisite to a valid residential foreclosure action and, accordingly, found the notice that had been delivered to Vukman to be inadequate. Having determined that the court had lacked jurisdiction to consider the foreclosure action, Judge Mazur, by order dated January

3

1, 2011, granted Vukman's motion and set aside the sheriff sale. Upon appeal by Beneficial, matter eventually advanced to the Pennsylvania Supreme Court, which disagreed that an opportunity for a meeting between mortgagor and mortgagee was a jurisdictional requisite to a valid residential foreclosure action.[1] On September 25, 2013, that Court reversed the lower court, observing:

> [Vukman's] entire argument relies on her incorrect assumption that the Legislature has required the cause of action in foreclosure to include a mortgagee's compliance with Act 91's requirements. A cause of action is "a factual situation that entitles one person to obtain a remedy in court from another person." Black's Law Dictionary 235 (8th ed. 2004). In foreclosure, this factual situation includes a mortgagor's default on a duly executed mortgage. *See* Pa.R.C.P. 1147(a) (itemizing factual averments required in mortgage foreclosure complaint). The cause of action does not include the procedural requirements of acting on that cause. Appellee's overarching assertion that Act 91 imposes jurisdictional prerequisites on mortgage foreclosure actions is unsupportable.

> *Beneficial Consumer Disc. Co. v. Vukman,*
> 621 Pa. 192, 201–02, 77 A.3d 547, 552–53 (2013)

Matters Complained of on Appeal

**1. The Court erred in failing to rule on petitions filed by Vukman subsequent to notice of an appeal.**

During the pendency of the appeal in this matter at 311 WAL 2015, Vukman filed a Petition to Dismiss with Rule to Show Cause" and a "Petition to Strike with Rule to Show Cause" with the Allegheny County Department of Court Records and provided copies of the same to this court. The general rule is that a trial court may not proceed in a matter after an

---

[1] *Beneficial Consumer Discount Co. v. Vukman,* 621 Pa. 192; 77 A.3d 547 (2013)

appeal has been taken. See, Pa.R.A.P. 1701. Neither of the petitions filed by Vukman provided an occasion for disregarding that rule. Accordingly, no ruling would be made and the parties were advised that the matter would be held in abeyance pending resolution of the appeal and that, at that point, plaintiff would be permitted to file a response of record.

Vukman additionally complains that this court failed to rule on the petitions subsequent to the disposition of the appeal. Because, however, the disposition from which Vukman had taken an appeal was that the case is terminated in favor of the Plaintiff, Beneficial Discount Company,[2] and because that disposition had been sustained on appeal, the petitions had become moot.

### 2. The lower court lacked subject matter jurisdiction inasmuch as the case was not reinstated or requested to be confirmed subsequent to the dismissal by Judge Mazur.

Generally, when an appeal is taken, a trial court may not proceed further in the matter during the pendency of that appeal. After an appellate court has concluded its review and a matter has been remanded, the lower court will then proceed in accordance with the judgement or other order given by the appellate court. Pa..R.A.P. 1701 and 2591. In this matter, the Pennsylvania Supreme Court did not agree with Judge Mazur's finding that a defective Act 91 notice deprived the courts of subject matter jurisdiction and remanded the case to the trial court. The practical consequence of that holding is that the matter would proceed at the common pleas court level as though the common pleas court determination that it lacked subject matter jurisdiction had never occurred. A request to reinstate the case was not necessary.

---

[2] Docket Document No. 70

5

### 3-10 The lower court lacked subject matter jurisdiction

In her third statement of error, Vukman alleges another jurisdictional deficiency, contending that this court erred when it allowed an execution sale of real estate to go forward through sheriff's sale notwithstanding that notices directed by Pa.R.C.P. 3129.1 had not been served. According to Vukman, the consequence of such failed notice was to deprive this court of subject matter jurisdiction and, for that reason, Vukman insists, the sheriff's sale should not have gone forward.[3]

It is true that a mechanism which assures actual receipt of essential notices of any proceedings in which property interests are at risk may be constitutionally compelled. See, *Mennonite Board of Missions v. Adams*, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983). However, Vukman's contention that, in this matter, an affidavit of service of such notice "doesn't appear on the docket until February 7, 2013, two and one-half years after the sheriff's sale"[4] should vitiate the foreclosure overlooks the fact that the docket nonetheless confirms service by mail on April 12, 2010. Vukman questions only why the document did not appear on the record at some earlier point. Having waived all defenses as an inducement to the plaintiff when entering the consent judgment, Vukman cannot now challenge the credibility of the record that indicates service of notice.

Vukman continues to contend in her remaining statements of error that the record reveals fatal defects regarding required notices, handbills and sheriff's return. Assuming that those contentions may be demonstrated to be accurate, the further contention by Vukman that each of those defects deprived the court of subject matter jurisdiction is not necessarily accurate. As noted by the Superior Court in the disposition of the appeal taken from Judge Mazur's finding,

---

[3] Errors Complained of on Appeal, at Nos.7 and 9

[4] Errors Complained of on Appeal, at No.3

6

defects in process or procedure may always be waived provided there is general jurisdiction over the subject matter.[5]

More fundamentally, Vukman assumes that this court has jurisdiction to revisit the case. An appeal was taken from this court. The effect of the appeal was to render this court, in effect, *functus officio*. On appeal, the original order of this court, which confirmed the sheriff sale, was affirmed. That resolved and terminated the matter that had been before this court.

Aug 1st, 2018   By the Court:

_____, J.

---

[5] *Beneficial Consumer Disc. Co. v. Vukman*, supra, at , citing *Papencordt v. Masterwork Paint Company*, 194 A 2d 878; 880-881 (Pa. 1963)

7